1   JOHN ALLCOCK (Bar No. 98895)                              -
    john.allcock@dlapiper.com
2   SEAN CUNNINGHAM (Bar No. 174931)
    sean.cunningham@dlapiper.com
3   KATHRYN RILEY GRASSO (Bar No. 211187)
    kathryn.riley@dlapiper.com
4   **DLA PIPER LLP (US)**
    401 B Street, Suite 1700
5   San Diego, CA  92101-4297
    Tel:  (619) 699-2700
6   Fax:  (619) 699-2701

7   SUMMER KRAUSE (Bar No. 264858)
    summer.krause@dlapiper.com
8   **DLA PIPER LLP (US)**
    2000 University Avenue
9   East Palo Alto, CA  94303-2215
    Tel:  650.833.2000
10  Fax:  650.833.2001

11  Attorneys for Defendant and Counterclaimant,
    FIREEYE, INC.
12

13                    UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                         OAKLAND DIVISION

16  FINJAN, INC.,                          CASE NO. CV 13-03133 SBA

17           Plaintiff,                    **DEFENDANT FIREEYE, INC.'S ANSWER
                                           TO PLAINTIFF FINJAN, INC.'S FIRST**
18       v.                                **AMENDED COMPLAINT FOR
                                           PATENT INFRINGEMENT AND**
19  FIREEYE, INC., a Delaware Corporation, **COUNTERCLAIMS**

20           Defendant.                    **DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28

**ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant FireEye, Inc. ("FireEye") answers Plaintiff Finjan, Inc.'s ("Finjan") First Amended Complaint for Patent Infringement as follows:

**THE PARTIES**

1.     FireEye lacks sufficient knowledge or information to admit or deny the allegations of paragraph 1 of the First Amended Complaint and, on that basis, denies them.

2.     FireEye admits that it is a Delaware corporation with its principal place of business at 1440 McCarthy Blvd., Milpitas, CA 95035.

**JURISDICTION AND VENUE**

3.     FireEye admits that Finjan's First Amended Complaint purports to be an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code.  FireEye denies that it is in any way liable or indebted to Plaintiff under those laws.  FireEye admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     For purposes of this action, FireEye does not challenge that venue is proper in this district.  FireEye denies that it committed acts of infringement in this district.

5.     FireEye admits that the Northern District of California has personal jurisdiction over FireEye in this case and that FireEye conducts business in California and in this judicial district.  FireEye admits that it is currently a party in the *Fortinet, Inc. v. FireEye, Inc.*, 12-cv-01066 (EJD) (PSG), case.  Except as expressly admitted, FireEye denies the allegations in Paragraph 5 of the First Amended Complaint.

**FINJAN'S ALLEGED INNOVATIONS**

6.     FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the First Amended Complaint and on that basis, denies them.

7.     FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the First Amended Complaint and on that basis, denies them.

1

8.      FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the First Amended Complaint and on that basis, denies them.

9.      FireEye admits that a copy of what purports to be U.S. Patent No. 6,804,780 ("the '780 Patent"), titled "System and Method for Protecting a Computer and a Network from Hostile Downloadables" is attached as Exhibit A to the First Amended Complaint.  FireEye admits that the first page of the '780 patent lists an issue date of October 12, 2004 and the named inventor as Shlomo Touboul.  Except as expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the First Amended Complaint and on that basis, denies them.

10.      FireEye admits that "Finjan Software, Ltd." is listed on the face of the '780 patent as the assignee.  Except as expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the First Amended Complaint and on that basis, denies them.

11.      FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the First Amended Complaint and on that basis, denies them.

12.      FireEye admits that a copy of what purports to be U.S. Patent No. 8,079,086 ("the '086 Patent"), titled "Malicious Mobile Code Runtime Monitoring System and Methods" is attached as Exhibit B to the First Amended Complaint.  FireEye admits that the first page of the '086 patent lists an issue date of December 13, 2011 and the named inventors as Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll and Shlomo Touboul.  Except as expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the First Amended Complaint and on that basis, denies them.

13.      FireEye admits that "Finjan, Inc." is listed on the face of the '086 patent as the assignee.  Except as expressly admitted, FireEye is without knowledge or information sufficient

-2-

DLA Piper LLP (US)

WEST\241840106

1    to form a belief as to the truth of the allegations contained in Paragraph 13 of the First Amended

2    Complaint and on that basis, denies them.

3          14.    FireEye is without knowledge or information sufficient to form a belief as to the

4    truth of the allegations contained in Paragraph 14 of the First Amended Complaint and on that

5    basis, denies them.

6          15.    FireEye admits that a copy of what purports to be U.S. Patent No. 7,975,305 ("the

7    '305 Patent"), titled "Method and System for Adaptive Rule-Based Content Scanners for Desktop

8    Computers" is attached as Exhibit C to the First Amended Complaint.  FireEye admits that the

9    first page of the '305 patent lists an issue date of July 5, 2011 and the named inventors as Moshe

10   Rubin, Moshe Matitya, Artem Melnick, Shlomo Touboul, Alexander Yermakov and Amit

11   Shaked.  Except as expressly admitted, FireEye is without knowledge or information sufficient to

12   form a belief as to the truth of the allegations contained in Paragraph 15 of the First Amended

13   Complaint and on that basis, denies them.

14         16.    FireEye admits that "Finjan, Inc." is listed on the face of the '305 patent as the

15   assignee.  Except as expressly admitted, FireEye is without knowledge or information sufficient

16   to form a belief as to the truth of the allegations contained in Paragraph 16 of the First Amended

17   Complaint and on that basis, denies them.

18         17.    FireEye is without knowledge or information sufficient to form a belief as to the

19   truth of the allegations contained in Paragraph 17 of the First Amended Complaint and on that

20   basis, denies them.

21         18.    FireEye admits that a copy of what purports to be U.S. Patent No. 8,225,408 ("the

22   '408 Patent"), titled "Method and System for Adaptive Rule-Based Content Scanners" is attached

23   as Exhibit D to the First Amended Complaint.  FireEye admits that the first page of the '408

24   patent lists an issue date of July 17, 2012 and the named inventors as Moshe Rubin, Moshe

25   Matitya, Artem Melnick, Shlomo Touboul, Alexander Yermakov and Amit Shaked.  Except as

26   expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to

27   the truth of the allegations contained in Paragraph 18 of the First Amended Complaint and on that

-3-

28

basis, denies them.

19.     FireEye admits that "Finjan, Inc." is listed on the face of the '408 patent as the assignee.  Except as expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the First Amended Complaint and on that basis, denies them.

20.     FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the First Amended Complaint and on that basis, denies them.

21.     FireEye admits that a copy of what purports to be U.S. Patent No. 7,058,822 ("the '822 Patent"), titled "Malicious Mobile Code Runtime Monitoring System and Methods" is attached as Exhibit E to the First Amended Complaint.  FireEye admits that the first page of the '822 patent lists an issue date of June 6, 2006 and the named inventors as Yigal Mordechai Edery, Nimrod Itzhak Vered and David R. Kroll.  Except as expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the First Amended Complaint and on that basis, denies them.

22.     FireEye admits that "Finjan Software, Ltd." is listed on the face of the '822 patent as the assignee.  Except as expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the First Amended Complaint and on that basis, denies them.

23.     FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the First Amended Complaint and on that basis, denies them.

24.     FireEye admits that a copy of what purports to be U.S. Patent No. 7,647,633 ("the '633 Patent"), titled "Malicious Mobile Code Runtime Monitoring System and Methods" is attached as Exhibit F to the First Amended Complaint.  FireEye admits that the first page of the '633 patent lists an issue date of January 12, 2010 and the named inventors as Yigal Mordechai Edery, Nimrod Itzhak Vered, David R. Kroll and Shlomo Touboul.  Except as expressly admitted,

-4-

DLA PIPER LLP (US)

WEST\241840106

FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the First Amended Complaint and on that basis, denies them.

25.     FireEye admits that "Finjan Software, Ltd." is listed on the face of the '633 patent as the assignee.  Except as expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the First Amended Complaint and on that basis, denies them.

26.     FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the First Amended Complaint and on that basis, denies them.

27.     FireEye admits that a copy of what purports to be U.S. Patent No. 6,154,844 ("the '844 Patent"), titled "System and Method for Attaching a Downloadable Security Profile to a Downloadable" is attached as Exhibit G to the First Amended Complaint.  FireEye admits that the first page of the '844 patent lists an issue date of November 28, 2000 and the named inventors as Shlomo Touboul and Nachshon Gal.  Except as expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the First Amended Complaint and on that basis, denies them.

28.     FireEye admits that "Finjan Software, Ltd." is listed on the face of the '844 patent as the assignee.  Except as expressly admitted, FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the First Amended Complaint and on that basis, denies them.

29.     FireEye is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the First Amended Complaint and on that basis, denies them.

**FIREEYE**

30.     FireEye admits that FireEye makes, uses, sells, and/or offers for sale Web MPS 1310, Web MPS 2310, Web MPS 4310, Web MPS 4320, Web MPS 7300, web MPS 7320, Email

-5-

DLA PIPER LLP (US)

WEST\241840106

MPS 3300, Email MPS 5300, Email MPS 8300, Email MPS 8320, CMS 4310, CMS 7300 and FireEye Dynamic Threat Intelligence Cloud.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 30 of the First Amended Complaint.

31.     FireEye admits that Exhibit H purports to be an attachment from http://www.FireEye.com/resources/pdfs/FireEye-advanced-threat-protection.pdf, the document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 31 of the First Amended Complaint.

32.     Paragraph 32 appears to be paraphrasing a document, however, because the source is not attributed, FireEye denies the allegations contained in Paragraph 32 of the First Amended Complaint.

33.     FireEye admits that Exhibit I purports to be a document titled "5 Design Principles for Advanced Malware Protection," the document speaks for itself.  FireEye denies that Exhibit I is available at http://www.FireEye_5DesignPrinciples_wp.pdf.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 33 of the First Amended Complaint.

34.     Paragraph 34 appears to be paraphrasing a document, however, because the source is not attributed, FireEye denies the allegations contained in Paragraph 34 of the First Amended Complaint.

35.     Paragraph 35 appears to be paraphrasing a document, however, because the source is not attributed, FireEye denies the allegations contained in Paragraph 35 of the First Amended Complaint.

36.     Paragraph 36 appears to be paraphrasing a document, however, because the source is not attributed, FireEye denies the allegations contained in Paragraph 36 of the First Amended Complaint.

37.     Paragraph 37 appears to be paraphrasing a document, however, because the source is not attributed, FireEye denies the allegations contained in Paragraph 37 of the First Amended Complaint.

38.     FireEye admits that it provides product literature to its customers at

-6-

DLA PIPER LLP (US)

WEST\241840106

1  http://www.FireEye.com/info-center/.  Except as expressly admitted, FireEye denies the
2  allegations of Paragraph 38 of the First Amended Complaint.

3      39.     FireEye admits that third-party developers may access and use the FireEye Threat
4  Protection Platform.  FireEye further admits that there are terms and conditions for access and use
5  of FireEye Threat Protection Platform.  Except as expressly admitted, FireEye denies the
6  allegations of Paragraph 39 of the First Amended Complaint.

7      40.     FireEye admits that Exhibit J purports to be a document titled "Solution Brief:
8  Leading Malware Detection and Network Security Analytics Platform."  FireEye denies that
9  Exhibit J is available at <u>FireEye-Partner-Brief.pdf</u>.  FireEye admits that Exhibit K purports to be a
10  document titled "Deliver a 1-2 Punch Against Advanced Threats With Integrated Detection and
11  Response."  FireEye denies that Exhibit K is available at <u>EnCase-FireEye-Integration-</u>
12  <u>Onesheet.pdf</u>.  The documents speak for themselves.  Except as expressly admitted, FireEye
13  denies the allegations contained in Paragraph 40 of the First Amended Complaint.

14  **<u>FIREEYE'S ALLEGED INFRINGEMENT OF FINJAN'S PATENTS</u>**

15      41.     FireEye denies the allegations contained in Paragraph 41 of the First Amended
16  Complaint.

17      42.     FireEye denies the allegations contained in Paragraph 42 of the First Amended
18  Complaint.

19  **<u>COUNT I</u>**

20  **(Direct Infringement of the '780 Patent pursuant to 35 U.S.C. § 271(a))**

21      43.     FireEye incorporates and realleges paragraphs 1 through 42 of its Answer.

22      44.     FireEye denies the allegations contained in Paragraph 44 of the First Amended
23  Complaint.

24      45.     FireEye denies the allegations contained in Paragraph 45 of the First Amended
25  Complaint.

26      46.     FireEye denies the allegations contained in Paragraph 46 of the First Amended
27  Complaint.

28

47.     FireEye denies the allegations contained in Paragraph 47 of the First Amended Complaint.

48.     FireEye denies the allegations contained in Paragraph 48 of the First Amended Complaint.

49.     FireEye denies the allegations contained in Paragraph 49 of the First Amended Complaint.

## COUNT II

### (Indirect Infringement of the '780 Patent pursuant to 35 U.S.C. § 271(b))

50.     FireEye incorporates and realleges paragraphs 1 through 49 of its Answer.

51.     FireEye denies the allegations contained in Paragraph 51 of the First Amended Complaint.

52.     FireEye denies the allegations contained in Paragraph 52 of the First Amended Complaint.

53.     FireEye denies the allegations contained in Paragraph 53 of the First Amended Complaint.

54.     FireEye admits that Exhibit L purports to be a document titled "Cybersecurity Strategies for Small to Medium-sized Businesses" available at http://www2.FireEye.com/WEB2013WPCybersecurityStrategiesforSMB_closing-critical-security-gaps.html.  FireEye admits that Exhibit M purports to be a document titled "5 Design Principles for Advanced Malware Protection" available at http://www2.FireEye.com/wp_5principles_adv_malware.html?x=FE_WE_IC.  FireEye admits that Exhibit N purports to be a document titled "Dynamic Threat Intelligence Cloud."  FireEye denies that Exhibit N is available at FireEye-dynamic-threat-intelligence-cloud.pdf.  The documents speak for themselves.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 54 of the First Amended Complaint.

55.     FireEye admits that Exhibit O purports to be a document titled "Malware Analysis Tools, Testing, & Protection System – Prevent Zero-Day & Targeted APT Attacks."  FireEye

-8-

DLA Piper LLP (US)

WEST\241840106

denies that Exhibit O is available at <u>Malware Analysis Tools, Testing, & Protection System.pdf</u>. The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 55 of the First Amended Complaint.

56.      FireEye admits that Exhibit P purports to be a document titled "Plan Your Data Center with Visio Stencils from FireEye Malware Protection & Analysis System" available at http://www.FireEye.com/products-and-solutions/visio-stencils.html.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 56 of the First Amended Complaint.

57.      FireEye admits that Exhibit Q purports to be a document titled "FireEye Introduces 'Fuel' Partner Program" available at http://www.FireEye.com/news-events/press-releases/read/FireEye-introduces-fuel-partner-program.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 57 of the First Amended Complaint.

58.      FireEye admits that Exhibit R purports to be a printout of the webpage available at https://gm1.geolearning.com/geonext/FireEye/opensite.geo?nav=OpenSiteHome.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 58 of the First Amended Complaint.

59.      FireEye denies the allegations contained in Paragraph 59 of the First Amended Complaint.

60.      FireEye denies the allegations contained in Paragraph 60 of the First Amended Complaint.

61.      FireEye denies the allegations contained in Paragraph 61 of the First Amended Complaint.

## <u>COUNT III</u>

### (Direct Infringement of the '086 Patent pursuant to 35 U.S.C. § 271(a))

62.      FireEye incorporates and realleges paragraphs 1 through 61 of its Answer.

63.      FireEye denies the allegations contained in Paragraph 63 of the First Amended

FIREEYE'S ANSWER TO FINJAN'S FIRST AMENDED COMPLAINT
USDC CASE NO. CV 13-03133 SBA

Complaint.

64.     FireEye denies the allegations contained in Paragraph 64 of the First Amended Complaint.

65.     FireEye denies the allegations contained in Paragraph 65 of the First Amended Complaint.

66.     FireEye denies the allegations contained in Paragraph 66 of the First Amended Complaint.

67.     FireEye denies the allegations contained in Paragraph 67 of the First Amended Complaint.

68.     FireEye denies the allegations contained in Paragraph 68 of the First Amended Complaint.

**<u>COUNT IV</u>**

**(Indirect Infringement of the '086 Patent pursuant to 35 U.S.C. § 271(b))**

69.     FireEye incorporates and realleges paragraphs 1 through 68 of its Answer.

70.     FireEye denies the allegations contained in Paragraph 70 of the First Amended Complaint.

71.     FireEye denies the allegations contained in Paragraph 71 of the First Amended Complaint.

72.     FireEye denies the allegations contained in Paragraph 72 of the First Amended Complaint.

73.     FireEye admits that Exhibit S purports to be a printout of a webpage titled "Next-Generation Threats: Advanced, Targeted . . . Successful  How Do You Stop Them?" available at http://www2.FireEye.com/how-stop-next-generation-threats.html.  FireEye admits that Exhibit T purports to be a printout of a webpage titled "Advanced Malware Communications" available at http://www2.FireEye.com/fWEB2013OnDemandDemo_n.html.  The documents speak for themselves.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 73 of the First Amended Complaint.

74. FireEye admits that Exhibit U purports to be a printout of a webpage titled "Advanced Dynamic Threat Intelligence cloud & Intelligence from FireEye – Interconnect Network Security Appliances" available at http://www.FireEye.com/products-and-solutions/dynamic-threat-intelligence-cloud.html.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 74 of the First Amended Complaint.

75. FireEye admits that Exhibit O purports to be a document titled "Malware Analysis Tools, Testing, & Protection System – Prevent Zero-Day & Targeted APT Attacks."  FireEye denies that Exhibit O is available at Malware Analysis Tools, Testing, & Protection System.pdf.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 75 of the First Amended Complaint.

76. FireEye admits that Exhibit V purports to be a document titled "FireEye Fuel Partner Program" available at http://www.FireEye.com/partners/.  The document speaks for itself.  Except as expressly admitted, FireEye denies the truth of the allegations contained in Paragraph 76 of the First Amended Complaint.

77. FireEye admits that Exhibit R purports to be a printout of the webpage available at https://gm1.geolearning.com/geonext/FireEye/opensite.geo?nav=OpenSiteHome.  The document speaks for itself.  Except as expressly admitted, FireEye denies the truth of the allegations contained in Paragraph 77 of the First Amended Complaint.

78. FireEye denies the allegations contained in Paragraph 78 of the First Amended Complaint.

79. FireEye denies the allegations contained in Paragraph 79 of the First Amended Complaint.

80. FireEye denies the allegations contained in Paragraph 80 of the First Amended Complaint.

/ / /

/ / /

DLA PIPER LLP (US)
WEST\241840106

## COUNT V

### (Direct Infringement of the '305 Patent pursuant to 35 U.S.C. § 271(a))

81.     FireEye incorporates and realleges paragraphs 1 through 80 of its Answer.

82.     FireEye denies the allegations contained in Paragraph 82 of the First Amended Complaint.

83.     FireEye denies the allegations contained in Paragraph 83 of the First Amended Complaint.

84.     FireEye denies the allegations contained in Paragraph 84 of the First Amended Complaint.

85.     FireEye denies the allegations contained in Paragraph 85 of the First Amended Complaint.

86.     FireEye denies the allegations contained in Paragraph 86 of the First Amended Complaint.

87.     FireEye denies the allegations contained in Paragraph 87 of the First Amended Complaint.

## COUNT VI

### (Indirect Infringement of the '305 Patent pursuant to 35 U.S.C. § 271(b))

88.     FireEye incorporates and realleges paragraphs 1 through 87 of its Answer.

89.     FireEye denies the allegations contained in Paragraph 89 of the First Amended Complaint.

90.     FireEye denies the allegations contained in Paragraph 90 of the First Amended Complaint.

91.     FireEye denies the allegations contained in Paragraph 91 of the First Amended Complaint.

92.     FireEye admits that Exhibit W purports to be a printout of a webpage titled "Life Cycle of a Breach – 6 Steps Toward Better Security" available at http://www2.FireEye.com/WEB2013WebcastLifeCycleofaBreach.html.  FireEye admits that

-12-

DLA PIPER LLP (US)

WEST\241840106

1   Exhibit T purports to be a printout of a webpage titled "Advanced Malware Communications"

2   available at http://www2.FireEye.com/fWEB2013OnDemandDemo_n.html.  The documents

3   speak for themselves.  Except as expressly admitted, FireEye denies the allegations contained in

4   Paragraph 92 of the First Amended Complaint.

5        93.    FireEye admits that Exhibit X purports to be a printout of a webpage titled

6   "FireEye Videos – Advanced Persistent Threat & Malware Protection Video Resources" available

7   at http://www.FireEye.com/info-center/videos/.  The document speaks for itself.  Except as

8   expressly admitted, FireEye denies the allegations contained in Paragraph 93 of the First

9   Amended Complaint.

10        94.    FireEye admits that Exhibit Y purports to be a printout of a webpage titled

11   "Network Intrusion Detection & Malware Protection System – Network Security Solutions for

12   Zero-Day Exploits " available at http://www.FireEye.com/products-and-solutions/web-

13   security.html.  The document speaks for itself.  Except as expressly admitted, FireEye denies the

14   allegations contained in Paragraph 94 of the First Amended Complaint.

15        95.    FireEye admits that Exhibit O purports to be a document titled "Malware Analysis

16   Tools, Testing, & Protection System – Prevent Zero-Day & Targeted APT Attacks."  FireEye

17   denies that Exhibit O is available at <u>Malware Analysis Tools, Testing, & Protection System.pdf</u>.

18   The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations

19   contained in Paragraph 95 of the First Amended Complaint.

20        96.    FireEye admits that Exhibit Z purports to be a printout of a webpage titled

21   "FireEye Fuel Alliance Partners" available at http://www.FireEye.com/partners/alliances.html.

22   The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations

23   contained in Paragraph 96 of the First Amended Complaint.

24        97.    FireEye admits that Exhibit R purports to be a printout of the webpage available at

25   https://gm1.geolearning.com/geonext/FireEye/opensite.geo?nav=OpenSiteHome.  The document

26   speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in

27   Paragraph 97 of the First Amended Complaint.

28

-13-
FIREEYE'S ANSWER TO FINJAN'S FIRST AMENDED COMPLAINT
USDC CASE NO. CV 13-03133 SBA

1    98.    FireEye denies the allegations contained in Paragraph 98 of the First Amended

2    Complaint.

3    99.    FireEye denies the allegations contained in Paragraph 99 of the First Amended

4    Complaint.

5    100.    FireEye denies the allegations contained in Paragraph 100 of the First Amended

6    Complaint.

7    <u>**COUNT VII**</u>

8    **(Direct Infringement of the '408 Patent pursuant to 35 U.S.C. § 271(a))**

9    101.    FireEye incorporates and realleges paragraphs 1 through 100 of its Answer.

10    102.    FireEye denies the allegations contained in Paragraph 102 of the First Amended

11    Complaint.

12    103.    FireEye denies the allegations contained in Paragraph 103 of the First Amended

13    Complaint.

14    104.    FireEye denies the allegations contained in Paragraph 104 of the First Amended

15    Complaint.

16    105.    FireEye denies the allegations contained in Paragraph 105 of the First Amended

17    Complaint.

18    106.    FireEye denies the allegations contained in Paragraph 106 of the First Amended

19    Complaint.

20    107.    FireEye denies the allegations contained in Paragraph 107 of the First Amended

21    Complaint.

22    <u>**COUNT VIII**</u>

23    **(Indirect Infringement of the '408 Patent pursuant to 35 U.S.C. § 271(b))**

24    108.    FireEye incorporates and realleges paragraphs 1 through 107 of its Answer.

25    109.    FireEye denies the allegations contained in Paragraph 109 of the First Amended

26    Complaint.

27    110.    FireEye denies the allegations contained in Paragraph 110 of the First Amended

-14-

28    FIREEYE'S ANSWER TO FINJAN'S FIRST AMENDED COMPLAINT
USDC CASE NO. CV 13-03133 SBA

1    Complaint.

2        111.    FireEye denies the allegations contained in Paragraph 111 of the First Amended

3    Complaint.

4        112.    FireEye admits that Exhibit W purports to be a printout of a webpage titled "Life

5    Cycle of a Breach – 6 Steps Toward Better Security" available at

6    http://www2.FireEye.com/WEB2013WebcastLifeCycleofaBreach.html.  FireEye admits that

7    Exhibit T purports to be a printout of a webpage titled "Advanced Malware Communications"

8    available at http://www2.FireEye.com/fWEB2013OnDemandDemo_n.html.  The documents

9    speak for themselves.  Except as expressly admitted, FireEye denies the allegations contained in

10   Paragraph 112 of the First Amended Complaint.

11       113.    FireEye admits that Exhibit U purports to be a printout of a webpage titled

12   "Advanced Dynamic Threat Intelligence cloud & Intelligence from FireEye – Interconnect

13   Network Security Appliances" available at http://www.FireEye.com/products-and-

14   solutions/dynamic-threat-intelligence-cloud.html.  FireEye admits that Exhibit X purports to be a

15   printout of a webpage titled "FireEye Videos – Advanced Persistent Threat & Malware Protection

16   Video Resources" available at http://www.FireEye.com/info-center/videos/.  The documents

17   speak for themselves.  Except as expressly admitted, FireEye denies the allegations contained in

18   Paragraph 113 of the First Amended Complaint.

19       114.    FireEye admits that Exhibit AA purports to be a printout of a webpage titled

20   "Network Intrusion Detection & Malware Protection System – Network Security Solutions for

21   Zero-Day Exploits" available at http://www.FireEye.com/products-and-solutions/web-

22   security.html.  The document speaks for itself.  Except as expressly admitted, FireEye denies the

23   allegations contained in Paragraph 114 of the First Amended Complaint.

24       115.    FireEye admits that Exhibit O purports to be a document titled "Malware Analysis

25   Tools, Testing, & Protection System – Prevent Zero-Day & Targeted APT Attacks."  FireEye

26   denies that Exhibit O is available at <u>Malware Analysis Tools, Testing, & Protection System.pdf</u>.

27   The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations

28

-15-

FIREEYE'S ANSWER TO FINJAN'S FIRST AMENDED COMPLAINT
USDC CASE NO. CV 13-03133 SBA

contained in Paragraph 115 of the First Amended Complaint.

116.     FireEye admits that Exhibit Q purports to be a document titled "FireEye Introduces 'Fuel' Partner Program" available at http://www.FireEye.com/news-events/press-releases/read/FireEye-introduces-fuel-partner-program.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 116 of the First Amended Complaint.

117.     FireEye admits that Exhibit R purports to be a printout of the webpage available at https://gm1.geolearning.com/geonext/FireEye/opensite.geo?nav=OpenSiteHome.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 117 of the First Amended Complaint.

118.     FireEye denies the allegations contained in Paragraph 118 of the First Amended Complaint.

119.     FireEye denies the allegations contained in Paragraph 119 of the First Amended Complaint.

120.     FireEye denies the allegations contained in Paragraph 120 of the First Amended Complaint.

## COUNT IX

**(Direct Infringement of the '822 Patent pursuant to 35 U.S.C. § 271(a))**

121.     FireEye incorporates and realleges paragraphs 1 through 120 of its Answer.

122.     FireEye denies the allegations contained in Paragraph 122 of the First Amended Complaint.

123.     FireEye denies the allegations contained in Paragraph 123 of the First Amended Complaint.

124.     FireEye denies the allegations contained in Paragraph 124 of the First Amended Complaint.

125.     FireEye denies the allegations contained in Paragraph 125 of the First Amended Complaint.

126.     FireEye denies the allegations contained in Paragraph 126 of the First Amended Complaint.

127.     FireEye denies the allegations contained in Paragraph 127 of the First Amended Complaint.

## COUNT X

**(Indirect Infringement of the '822 Patent pursuant to 35 U.S.C. § 271(b))**

128.     FireEye incorporates and realleges paragraphs 1 through 127 of its Answer.

129.     FireEye denies the allegations contained in Paragraph 129 of the First Amended Complaint.

130.     FireEye denies the allegations contained in Paragraph 130 of the First Amended Complaint.

131.     FireEye denies the allegations contained in Paragraph 131 of the First Amended Complaint.

132.     FireEye admits that Exhibit L purports to be a document titled "Cybersecurity Strategies for Small to Medium-sized Businesses" available at http://www2.FireEye.com/WEB2013WPCybersecurityStrategiesforSMB_closing-critical-security-gaps.html.  FireEye admits that Exhibit M purports to be a document titled "5 Design Principles for Advanced Malware Protection" available at http://www2.FireEye.com/wp_5principles_adv_malware.html?x=FE_WE_IC.  FireEye admits that Exhibit BB purports to be a printout of a webpage titled "Digital Forensics and Incident Response – Why You Need Them Both" available at http://www2.FireEye.com/WEB2013WebcastDigitalForensicsandIR.html.  The documents speak for themselves.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 132 of the First Amended Complaint.

133.     FireEye admits that Exhibit U purports to be a printout of a webpage titled "Advanced Dynamic Threat Intelligence cloud & Intelligence from FireEye – Interconnect Network Security Appliances" available at http://www.FireEye.com/products-and-

-17-

1  solutions/dynamic-threat-intelligence-cloud.html.  FireEye admits that Exhibit AA purports to be

2  a printout of a webpage titled "Network Intrusion Detection & Malware Protection System –

3  Network Security Solutions for Zero-Day Exploits" available at

4  http://www.FireEye.com/products-and-solutions/web-security.html.  FireEye admits that Exhibit

5  CC purports to be a printout of a webpage titled "Malware Protection Management System –

6  Centralize Malware Intelligence & Reporting for Analysis" available at

7  http://www.FireEye.com/products-and-solutions/central-management-system.html.  The

8  documents speak for themselves.  Except as expressly admitted, FireEye denies the allegations

9  contained in Paragraph 133 of the First Amended Complaint.

10      134.    FireEye admits that Exhibit O purports to be a document titled "Malware Analysis

11  Tools, Testing, & Protection System – Prevent Zero-Day & Targeted APT Attacks."  FireEye

12  denies that Exhibit O is available at Malware Analysis Tools, Testing, & Protection System.pdf.

13  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations

14  contained in Paragraph 134 of the First Amended Complaint.

15      135.    FireEye admits that Exhibit Q purports to be a document titled "FireEye

16  Introduces 'Fuel' Partner Program" available at http://www.FireEye.com/news-events/press-

17  releases/read/FireEye-introduces-fuel-partner-program.  The document speaks for itself.  Except

18  as expressly admitted, FireEye denies the allegations contained in Paragraph 135 of the First

19  Amended Complaint.

20      136.    FireEye admits that Exhibit R purports to be a printout of the webpage available at

21  https://gm1.geolearning.com/geonext/FireEye/opensite.geo?nav=OpenSiteHome.  The document

22  speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in

23  Paragraph 136 of the First Amended Complaint.

24      137.    FireEye denies the allegations contained in Paragraph 137 of the First Amended

25  Complaint.

26      138.    FireEye denies the allegations contained in Paragraph 138 of the First Amended

27  Complaint.

28

139.    FireEye denies the allegations contained in Paragraph 139 of the First Amended Complaint.

## COUNT XI

### (Direct Infringement of the '633 Patent pursuant to 35 U.S.C. § 271(a))

140.    FireEye incorporates and realleges paragraphs 1 through 139 of its Answer.

141.    FireEye denies the allegations contained in Paragraph 141 of the First Amended Complaint.

142.    FireEye denies the allegations contained in Paragraph 142 of the First Amended Complaint.

143.    FireEye denies the allegations contained in Paragraph 143 of the First Amended Complaint.

144.    FireEye denies the allegations contained in Paragraph 144 of the First Amended Complaint.

145.    FireEye denies the allegations contained in Paragraph 145 of the First Amended Complaint.

146.    FireEye denies the allegations contained in Paragraph 146 of the First Amended Complaint.

## COUNT XII

### (Indirect Infringement of the '633 Patent pursuant to 35 U.S.C. § 271(b))

147.    FireEye incorporates and realleges paragraphs 1 through 146 of its Answer.

148.    FireEye denies the allegations contained in Paragraph 148 of the First Amended Complaint.

149.    FireEye denies the allegations contained in Paragraph 149 of the First Amended Complaint.

150.    FireEye denies the allegations contained in Paragraph 150 of the First Amended Complaint.

151.    FireEye admits that Exhibit L purports to be a document titled "Cybersecurity

-19-

DLA PIPER LLP (US)

WEST\241840106

1   Strategies for Small to Medium-sized Businesses" available at

2   http://www2.FireEye.com/WEB2013WPCybersecurityStrategiesforSMB_closing-critical-

3   security-gaps.html.  FireEye admits that Exhibit M purports to be a document titled "5 Design

4   Principles for Advanced Malware Protection" available at

5   http://www2.FireEye.com/wp_5principles_adv_malware.html?x=FE_WE_IC.   FireEye admits

6   that Exhibit BB purports to be a printout of a webpage titled "Digital Forensics and Incident

7   Response – Why You Need Them Both" available at

8   http://www2.FireEye.com/WEB2013WebcastDigitalForensicsandIR.html.  The documents speak

9   for themselves.  Except as expressly admitted, FireEye denies the allegations contained in

10  Paragraph 151 of the First Amended Complaint.

11         152.    FireEye admits that Exhibit U purports to be a printout of a webpage titled

12  "Advanced Dynamic Threat Intelligence cloud & Intelligence from FireEye – Interconnect

13  Network Security Appliances" available at http://www.FireEye.com/products-and-

14  solutions/dynamic-threat-intelligence-cloud.html.  FireEye admits that Exhibit AA purports to be

15  a printout of a webpage titled "Network Intrusion Detection & Malware Protection System –

16  Network Security Solutions for Zero-Day Exploits" available at

17  http://www.FireEye.com/products-and-solutions/web-security.html.  FireEye admits that Exhibit

18  CC purports to be a printout of a webpage titled "Malware Protection Management System –

19  Centralize Malware Intelligence & Reporting for Analysis" available at

20  http://www.FireEye.com/products-and-solutions/central-management-system.html.  The

21  documents speak for themselves.  Except as expressly admitted, FireEye denies the allegations

22  contained in Paragraph 152 of the First Amended Complaint.

23         153.    FireEye admits that Exhibit O purports to be a document titled "Malware Analysis

24  Tools, Testing, & Protection System – Prevent Zero-Day & Targeted APT Attacks."  FireEye

25  denies that Exhibit O is available at Malware Analysis Tools, Testing, & Protection System.pdf.

26  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations

27  contained in Paragraph 153 of the First Amended Complaint.

28

DLA PIPER LLP (US)

WEST\241840106

154.     FireEye admits that Exhibit Q purports to be a document titled "FireEye Introduces 'Fuel' Partner Program" available at http://www.FireEye.com/news-events/press-releases/read/FireEye-introduces-fuel-partner-program.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 154 of the First Amended Complaint.

155.     FireEye admits that Exhibit R purports to be a printout of the webpage available at https://gm1.geolearning.com/geonext/FireEye/opensite.geo?nav=OpenSiteHome.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 155 of the First Amended Complaint.

156.     FireEye denies the allegations contained in Paragraph 156 of the First Amended Complaint.

157.     FireEye denies the allegations contained in Paragraph 157 of the First Amended Complaint.

158.     FireEye denies the allegations contained in Paragraph 158 of the First Amended Complaint.

## COUNT XIII

### (Direct Infringement of the '844 Patent pursuant to 35 U.S.C. § 271(a))

159.     FireEye incorporates and realleges paragraphs 1 through 158 of its Answer.

160.     FireEye denies the allegations contained in Paragraph 160 of the First Amended Complaint.

161.     FireEye denies the allegations contained in Paragraph 161 of the First Amended Complaint.

162.     FireEye denies the allegations contained in Paragraph 162 of the First Amended Complaint.

163.     FireEye denies the allegations contained in Paragraph 163 of the First Amended Complaint.

164.     FireEye denies the allegations contained in Paragraph 164 of the First Amended

1  Complaint.

2      165.    FireEye denies the allegations contained in Paragraph 165 of the First Amended

3  Complaint.

4                              <u>**COUNT XIV**</u>

5          **(Indirect Infringement of the '844 Patent pursuant to 35 U.S.C. § 271(b))**

6      166.    FireEye incorporates and realleges paragraphs 1 through 165 of its Answer.

7      167.    FireEye denies the allegations contained in Paragraph 167 of the First Amended

8  Complaint.

9      168.    FireEye denies the allegations contained in Paragraph 168 of the First Amended

10  Complaint.

11      169.    FireEye denies the allegations contained in Paragraph 169 of the First Amended

12  Complaint.

13      170.    FireEye admits that Exhibit W purports to be a printout of a webpage titled "Life

14  Cycle of a Breach – 6 Steps Toward Better Security" available at

15  http://www2.FireEye.com/WEB2013WebcastLifeCycleofaBreach.html.  FireEye admits that

16  Exhibit DD purports to be a printout of a webpage titled "Definitive Guide to Next-Generation

17  Threat Protection" available at http://www2.FireEye.com/definitive-guide-next-gen-

18  threats.html?x=FE_WEB_IC.  The documents speak for themselves.  Except as expressly

19  admitted, FireEye denies the allegations contained in Paragraph 170 of the First Amended

20  Complaint.

21      171.    FireEye admits that Exhibit U purports to be a printout of a webpage titled

22  "Advanced Dynamic Threat Intelligence cloud & Intelligence from FireEye – Interconnect

23  Network Security Appliances" available at http://www.FireEye.com/products-and-

24  solutions/dynamic-threat-intelligence-cloud.html.  FireEye admits that Exhibit AA purports to be

25  a printout of a webpage titled "Network Intrusion Detection & Malware Protection System –

26  Network Security Solutions for Zero-Day Exploits" available at

27  http://www.FireEye.com/products-and-solutions/web-security.html.  FireEye admits that Exhibit

-22-

28

CC purports to be a printout of a webpage titled "Malware Protection Management System – Centralize Malware Intelligence & Reporting for Analysis" available at http://www.FireEye.com/products-and-solutions/central-management-system.html.  The documents speak for themselves.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 171 of the First Amended Complaint.

172.    FireEye admits that Exhibit O purports to be a document titled "Malware Analysis Tools, Testing, & Protection System – Prevent Zero-Day & Targeted APT Attacks."  FireEye denies that Exhibit O is available at <u>Malware Analysis Tools, Testing, & Protection System.pdf</u>.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 172 of the First Amended Complaint.

173.    FireEye admits that Exhibit Q purports to be a document titled "FireEye Introduces 'Fuel' Partner Program" available at http://www.FireEye.com/news-events/press-releases/read/FireEye-introduces-fuel-partner-program.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 173 of the First Amended Complaint.

174.    FireEye admits that Exhibit R purports to be a printout of the webpage available at https://gm1.geolearning.com/geonext/FireEye/opensite.geo?nav=OpenSiteHome.  The document speaks for itself.  Except as expressly admitted, FireEye denies the allegations contained in Paragraph 174 of the First Amended Complaint.

175.    FireEye denies the allegations contained in Paragraph 175 of the First Amended Complaint.

176.    FireEye denies the allegations contained in Paragraph 176 of the First Amended Complaint.

177.    FireEye denies the allegations contained in Paragraph 177 of the First Amended Complaint.

/ / /

/ / /

FIREEYE'S ANSWER TO FINJAN'S FIRST AMENDED COMPLAINT
USDC CASE NO. CV 13-03133 SBA

## PRAYER FOR RELIEF

FireEye denies that Plaintiff is entitled to any relief, and specifically denies all of the allegations and requests for relief contained in paragraphs A through F of its Prayer for Relief.

## AFFIRMATIVE DEFENSES

FireEye, without waiver, limitation, or prejudice, hereby asserts the following defenses:

### First Affirmative Defense
### (Failure to State Claim)

FireEye's First Amended Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement)

FireEye does not and has not infringed any valid claim of the '780, '086, '305,'408, '822, '633 or '844 patents either directly, contributorily, by way of inducement, literally, and/or under the doctrine of equivalents.

### Third Affirmative Defense
### (Invalidity)

One or more claims of the '780, '086, '305, '408, '822, '633 and '844 patents that allegedly are infringed by FireEye are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code including, but not limited to, Section 101, 102, 103 and/or 112.

### Fourth Affirmative Defense
### (Estoppel)

FireEye alleges that the claims of the '780, '086, '305, '408, '822 '633 and '844 patents are and were limited by amendment, the prior art and/or by the statements made during their prosecution before the United States Patent and Trademark Office such that Finjan is now estopped and/or otherwise precluded from maintaining that such claims of the '780, '086, '305, '408, '822, '633 and '844 patents are of sufficient scope to cover the accused products either literally or under the doctrine of equivalents.

/ / /

DLA Piper LLP (US)

WEST\241840106

**Fifth Affirmative Defense**
**(Limitation on Damages)**

FireEye alleges on information and belief that any claim for damages for patent infringement is limited at a minimum by 35 U.S.C. § 287 to only those damages occurring after the notice of infringement and, in any event, by 35 U.S.C. § 286.

**Sixth Affirmative Defense**

**(No Right To Injunctive Relief)**

Finjan is not entitled to injunctive relief because any injury to Finjan is not immediate or irreparable, and Finjan has an adequate money remedy for any claim that it can prove.

**Seventh Affirmative Defense**

**(28 U.S.C. § 1498)**

The claims for relief are barred by 28 U.S.C. § 1498 to the extent that any products accused of infringement in this action have been used or manufactured by or for the United States.

**RESERVATION OF DEFENSES**

To the extent not already pled, FireEye reserves its right to add additional defenses pending further investigation and discovery.  FireEye also reserves its right to rely on any defenses asserted by any other party in this case.

**COUNTERCLAIMS**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counterclaimant FireEye, Inc. ("FireEye") asserts the following counterclaims against Counter-defendant Finjan, Inc. ("Finjan") as follows:

**THE PARTIES**

1.      FireEye is a corporation organized under the laws of Delaware, having its principal place of business at 1440 McCarthy Blvd., Milpitas, California 95035.

/ / /

/ / /

2.      Finjan alleges in its First Amended Complaint that it is a Delaware corporation, with its corporate headquarters at 1313 N. Market Street, Suite 5100, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3.      On August 16, 2013, Finjan filed its First Amended Complaint for patent infringement alleging that FireEye infringes U.S. Patent Nos. 6,804,780 (the "'780 patent"), 8,079,086 (the "'086 patent"), 7,975,305 (the "'305 patent"), 8,225,408 (the "'408 patent"), 7,058,822 (the "'822 patent"), 7,647,633 (the "'633 patent") and 6,154,844 ("the '844 Patent").

4.      This Court has subject matter jurisdiction over FireEye's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, including 28 U.S.C. §§ 1331, 1338(a).  An actual, substantial and continuing justiciable controversy exists between FireEye and Finjan with respect to which FireEye requires a declaration of rights.  Specifically, a controversy exists pertaining to the non-infringement and invalidity of the '780, '086, '305, '408, '822, '633 and '844 patents.

5.      By filing its First Amended Complaint, Finjan has consented to the personal jurisdiction of this Court.

6.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 6,804,780)

7.      FireEye hereby incorporates and realleges paragraphs 1 through 6 above as though fully set forth herein.

8.      Plaintiff Finjan has sued FireEye in the present action, alleging infringement of the '780 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the alleged infringement of the '780 patent.

/ / /

1    9.    Finjan also contends that such alleged infringement has caused Finjan to suffer

2    damages and that irreparable injury has been caused to Finjan.

3    10.    FireEye has not infringed and does not infringe, either literally or under the

4    doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid,

5    enforceable claim of the '780 patent.

6    11.    FireEye is entitled to a declaratory judgment that it has not and does not

7    infringe, directly, contributorily or by inducement, literally or under the doctrine of

8    equivalents, any valid and enforceable claim of the '780 patent.

9    12.    Finjan has also filed this action without a good faith basis, making this an

10   exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and

11   costs incurred by FireEye in connection with this action

12                         **SECOND COUNTERCLAIM**

13               **(Declaration of Invalidity of U.S. Patent No. 6,804,780)**

14   13.    FireEye hereby incorporates and realleges paragraph 1 through 12 above as

15   though fully set forth herein.

16   14.    Finjan has sued FireEye in the present action, alleging infringement of the '780

17   patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint

18   and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists

19   between Finjan and FireEye with respect to the validity of the '780 patent.

20   15.    The claims of the '780 patent are invalid for failing to meet the conditions

21   specified in 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103,

22   and/or 112.

23   16.    Based on the foregoing, FireEye is entitled to declaratory judgment that one or

24   more claims of the '780 patent is invalid.

25   17.    Finjan has also filed this action without a good faith basis, making this an

26   exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and

27   costs incurred by FireEye in connection with this action.

28

-27-

DLA PIPER LLP (US)

**THIRD COUNTERCLAIM**

**(Declaration of Non-Infringement of U.S. Patent No. 8,079,086)**

18.     FireEye hereby incorporates and realleges paragraphs 1 through 17 above as though fully set forth herein.

19.     Plaintiff Finjan has sued FireEye in the present action, alleging infringement of the '086 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the alleged infringement of the '086 patent.

20.     Finjan also contends that such alleged infringement has caused Finjan to suffer damages and that irreparable injury has been caused to Finjan.

21.     FireEye has not infringed and does not infringe, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '086 patent.

22.     FireEye is entitled to a declaratory judgment that it has not and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the '086 patent.

23.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action

**FOURTH COUNTERCLAIM**

**(Declaration of Invalidity of U.S. Patent No. 8,079,086)**

24.     FireEye hereby incorporates and realleges paragraph 1 through 23 above as though fully set forth herein.

25.     Finjan has sued FireEye in the present action, alleging infringement of the '086 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint

DLA Piper LLP (US)

WEST\241840106

and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the validity of the '086 patent.

26.     The claims of the '086 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

27.     Based on the foregoing, FireEye is entitled to declaratory judgment that one or more claims of the '086 patent is invalid.

28.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action.

## FIFTH COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 7,975,305)

29.     FireEye hereby incorporates and realleges paragraphs 1 through 28 above as though fully set forth herein.

30.     Plaintiff Finjan has sued FireEye in the present action, alleging infringement of the '305 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the alleged infringement of the '305 patent.

31.     Finjan also contends that such alleged infringement has caused Finjan to suffer damages and that irreparable injury has been caused to Finjan.

32.     FireEye has not infringed and does not infringe, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '305 patent.

33.     FireEye is entitled to a declaratory judgment that it has not and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the '305 patent.

-29-

DLA Piper LLP (US)

WEST\241840106

34.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action

## SIXTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 7,975,305)

35.     FireEye hereby incorporates and realleges paragraph 1 through 34 above as though fully set forth herein.

36.     Finjan has sued FireEye in the present action, alleging infringement of the '305 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the validity of the '305 patent.

37.     The claims of the '305 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

38.     Based on the foregoing, FireEye is entitled to declaratory judgment that one or more claims of the '305 patent is invalid.

39.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action.

## SEVENTH COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 8,225,408)

40.     FireEye hereby incorporates and realleges paragraphs 1 through 39 above as though fully set forth herein.

41.     Plaintiff Finjan has sued FireEye in the present action, alleging infringement of the '408 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable

controversy exists between Finjan and FireEye with respect to the alleged infringement of the '408 patent.

42.     Finjan also contends that such alleged infringement has caused Finjan to suffer damages and that irreparable injury has been caused to Finjan.

43.     FireEye has not infringed and does not infringe, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '408 patent.

44.     FireEye is entitled to a declaratory judgment that it has not and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the '408 patent.

45.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action

## EIGHTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 8,225,408)

46.     FireEye hereby incorporates and realleges paragraph 1 through 45 above as though fully set forth herein.

47.     Finjan has sued FireEye in the present action, alleging infringement of the '408 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the validity of the '408 patent.

48.     The claims of the '408 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

49.     Based on the foregoing, FireEye is entitled to declaratory judgment that one or more claims of the '408 patent is invalid.

DLA PIPER LLP (US)

WEST\241840106

50.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action.

## NINTH COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 7,058,822)

51.     FireEye hereby incorporates and realleges paragraphs 1 through 50 above as though fully set forth herein.

52.     Plaintiff Finjan has sued FireEye in the present action, alleging infringement of the '822 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the alleged infringement of the '822 patent.

53.     Finjan also contends that such alleged infringement has caused Finjan to suffer damages and that irreparable injury has been caused to Finjan.

54.     FireEye has not infringed and does not infringe, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '822 patent.

55.     FireEye is entitled to a declaratory judgment that it has not and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the '822 patent.

56.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action

## TENTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 7,058,822)

57.     FireEye hereby incorporates and realleges paragraph 1 through 56 above as though fully set forth herein.

-32-

DLA Piper LLP (US)

WEST\241840106

58.     Finjan has sued FireEye in the present action, alleging infringement of the '822 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the validity of the '822 patent.

59.     The claims of the '822 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

60.     Based on the foregoing, FireEye is entitled to declaratory judgment that one or more claims of the '822 patent is invalid.

61.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action.

## ELEVENTH COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 7,647,633)

62.     FireEye hereby incorporates and realleges paragraphs 1 through 61 above as though fully set forth herein.

63.     Plaintiff Finjan has sued FireEye in the present action, alleging infringement of the '633 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the alleged infringement of the '633 patent.

64.     Finjan also contends that such alleged infringement has caused Finjan to suffer damages and that irreparable injury has been caused to Finjan.

65.     FireEye has not infringed and does not infringe, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '633 patent.

66.     FireEye is entitled to a declaratory judgment that it has not and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the '633 patent.

67.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action

## TWELFTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 7,647,633)

68.     FireEye hereby incorporates and realleges paragraph 1 through 67 above as though fully set forth herein.

69.     Finjan has sued FireEye in the present action, alleging infringement of the '633 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the validity of the '633 patent.

70.     The claims of the '633 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

71.     Based on the foregoing, FireEye is entitled to declaratory judgment that one or more claims of the '633 patent is invalid.

72.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action.

## THIRTEENTH COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Patent No. 6,154,844)

73.     FireEye hereby incorporates and realleges paragraphs 1 through 72 above as though fully set forth herein.

74.     Plaintiff Finjan has sued FireEye in the present action, alleging infringement of the '844 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the alleged infringement of the '844 patent.

75.     Finjan also contends that such alleged infringement has caused Finjan to suffer damages and that irreparable injury has been caused to Finjan.

76.     FireEye has not infringed and does not infringe, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, or in any way, any valid, enforceable claim of the '844 patent.

77.     FireEye is entitled to a declaratory judgment that it has not and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the '844 patent.

78.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action

## TWELFTH COUNTERCLAIM

### (Declaration of Invalidity of U.S. Patent No. 6,154,844)

79.     FireEye hereby incorporates and realleges paragraph 1 through 78 above as though fully set forth herein.

80.     Finjan has sued FireEye in the present action, alleging infringement of the '844 patent.  As a result of at least the allegations contained in Finjan's First Amended Complaint and FireEye's denial of such allegations, an immediate, real and justiciable controversy exists between Finjan and FireEye with respect to the validity of the '844 patent.

81.     The claims of the '844 patent are invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.,* including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

DLA Piper LLP (US)

82.     Based on the foregoing, FireEye is entitled to declaratory judgment that one or more claims of the '844 patent is invalid.

83.     Finjan has also filed this action without a good faith basis, making this an exceptional case.  Consequently, Finjan is liable for any and all attorneys' fees, expenses and costs incurred by FireEye in connection with this action.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and L.R. 3-6(a), FireEye demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaimant FireEye prays for relief as follows:

A.      That Finjan's First Amended Complaint against FireEye be dismissed in its entirety with prejudice and that a judgment be entered in favor of FireEye and against Finjan;

B.      That Finjan take nothing by reason of its First Amended Complaint;

C.      That the Court enter an order denying any and all of Finjan's request for injunctive relief against FireEye;

D.      For an entry of judgment declaring that FireEye has not infringed and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any of the claims of the '780, '086, '305, '408, '822, '633 and '844 patents;

E.      That the Court enter a judgment declaring that each and every claim of the '780, '086, '305, '408, '822, '633 and '844 patents are invalid;

F.      That the Court enter an order under 35 U.S.C. § 285, awarding FireEye its reasonable attorney's fees and costs of suit incurred in this litigation, as Finjan's conduct as set forth above renders this an exceptional case; and

/ / /

/ / /

/ / /

/ / /

1        G.     That FireEye be granted all such other and further relief as the Court deems just

2   and proper.

3   Date:  September 3, 2013        DLA PIPER LLP (US)

                                        */s/ Summer Krause*

                                          JOHN ALLCOCK
SEAN CUNNINGHAM
KATHRYN RILEY GRASSO
SUMMER KRAUSE

Attorneys for Defendant and Counter-Claimant
FireEye, Inc.

DLA PIPER LLP (US)

WEST\241840106