PAUL ANDRE (State Bar No. 196585)
pandre@kramerlevin.com
LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
JAMES HANNAH (State Bar No. 237978)
jhannah@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL
LLP
990 Marsh Road
Menlo Park, CA  94025
Telephone:  (650) 752-1700
Facsimile:   (650) 752-1800

Attorneys for Plaintiff
FINJAN, INC.

JOHN ALLCOCK (Bar No. 98895)
john.allcock@dlapiper.com
SEAN CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
KATHRYN RILEY GRASSO (Bar No. 211187)
kathryn.riley@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  (619) 699-2700
Fax:  (619) 699-2701

SUMMER KRAUSE (Bar No. 264858)
summer.krause@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant and Counterclaimant,
FIREEYE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIREEYE, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: 13-CV-03133-SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:          October 10, 2013<br>Time:         2:30 p.m.<br>                   Via telephone<br><br>Date Filed:  September 30, 2013<br>Trial Date:    None Set |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, Patent Local Rule 2-1, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, Judge Armstrong's Standing Orders – Other Requirements (Section A), the Court's July 8, 2013 Order Setting Initial Case Management Conference And ADR Deadlines (Dkt. No. 2), and the July 11, 2013 Clerk's Notice (Dkt. No. 7), the parties to the above-titled action, Plaintiff Finjan, Inc. ("Finjan") and Defendant FireEye, Inc. ("FireEye"), jointly submit this Case Management Statement and Proposed Order.

## 1.    Jurisdiction and Service

This is an action for patent infringement arising under 35 U.S.C. § 101 *et seq*.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).  No issues exist regarding personal jurisdiction, venue or service.

## 2.    Facts

Finjan filed its original complaint in this action on July 8, 2013, and subsequently filed a first amended complaint on August 16, 2013 (Dkt No. 11) pursuant to Rule 15(a)(1).  Finjan alleges that FireEye directly infringes U.S. Patent No.  6,804,780 ("the '780 Patent"), U.S. Patent No.  8,079,086 ("the '086 Patent"), U.S. Patent No.  7,975,305 ("the '305 Patent"), U.S. Patent No.  8,225,408 ("the '408 Patent"), U.S. Patent No. 7,058,822 ("the '822 Patent"), U.S. Patent No. 7,647,633 ("the '633 Patent") and U.S. Patent No. 6,154,844 ("the '844 Patent") (collectively "the Patents-in-Suit") by making, using, selling, offering for sale and/or importing technologies in connection with the FireEye Threat Protection Platform.  Finjan additionally alleges that FireEye induces infringement of each of the Patents-in-Suit by instructing, directing and/or requiring others to perform all or some of the steps of method claims of the Patents-in-Suit.  Finjan contends it holds all rights, title, and interest in the

JOINT CASE MANAGEMENT STATEMENT
& [PROPOSED] ORDER                                         Case No.: 13-CV-03133-SBA

Patents-in-Suit.  Finjan seeks damages and injunctive relief for the alleged infringement, as well as a finding that this case is exceptional.

FireEye filed its answer to Finjan's first amended complaint on September 3, 2013 (Dkt No. 13) (pursuant to the parties' stipulated extension of time (Dkt. No. 9)).  FireEye denies both direct and indirect infringement of the Patents-in Suit and asserts affirmative defenses of failure to state a claim, non-infringement, invalidity, estoppel, limitation on damages, no right to injunctive relief, and barring of relief pursuant to 28 U.S.C. § 1498.  FireEye further asserts counterclaims seeking declarations of non-infringement and invalidity of the Patents-in-Suit.  FireEye also seeks a finding that this case is exceptional.

**3.    Legal Issues**

The principal disputed legal issues are:

- The proper construction of any disputed claim terms;

- Whether FireEye infringes any or all of the Patents-in-Suit, either directly (35 U.S.C. § 271(a)) or indirectly (35 U.S.C. § 271(b));

- Whether the Patents-in-Suit are invalid (35 U.S.C. §§ 101, 102, 103, 112);

- Whether Finjan's claims are barred, in whole or in part, by the various equitable and legal defenses raised by FireEye;

- Whether Finjan is entitled to damages as a result of the alleged infringement of any or all of the Patents-in-Suit, and if so, the amount (35 U.S.C. § 284);

- Whether Finjan is entitled to injunctive relief to prevent irreparable harm as a result of the alleged continuing infringement of any or all of the Patents-in-Suit (35 U.S.C. § 283);

- Whether this case is exceptional (35 U.S.C. § 285).

**4.    Motions and/or Pending Matters**

    (a)    Pending Motions

There are no pending motions before the Court.

2

(b) Anticipated Motions

Finjan anticipates moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

FireEye anticipates the following motions:

- **Administrative Motion to Consider Whether the Cases Should Be Related**. Finjan filed a patent infringement case in this District against Blue Coat Systems, Inc. ("Blue Coat"), *Finjan v. Blue Coat Systems, Inc.*, 13-cv-3999, on August 28, 2014, alleging that Blue Coat infringes four of the seven patents asserted against FireEye in the instant lawsuit. Finjan filed another patent infringement case in this District against Websense, Inc. ("Websense") on September 23, 2013, *Finjan v. Websense, Inc.*, 13-cv-4398, alleging that Websense infringes three of the seven patents asserted against FireEye in the instant lawsuit. FireEye is currently preparing an Administrative Motion to Consider Whether the Cases Should Be Related.

- **Motion to Stay**. FireEye currently is in the process of preparing petitions for reexamination of the patents-in-suit. FireEye anticipates filing a motion to stay the case pending the outcome of the reexaminations proceedings.

- **Motions for Summary Judgment**. FireEye anticipates moving for summary judgment and may file other dispositive and non-dispositive motions as appropriate as the case progresses.

**5. Amendment of Pleadings, Addition of Parties, Etc.**

The parties agree that the deadline for joining parties and amending the pleadings without leave of Court should be November 11, 2013. The parties agree that they may amend the pleadings upon a showing of good cause after this deadline has passed.

**6. Evidence Preservation**

3

JOINT CASE MANAGEMENT STATEMENT
& [PROPOSED] ORDER                                    Case No.: 13-CV-03133-SBA

The parties have reviewed the Northern District of California's Guidelines For the Discovery of Electronically Stored Information ("ESI") and Checklist for Rule 26(f) Meet and Confer Regarding ESI, including those portions related to evidence preservation.  Additionally, the parties have met and conferred at their Rule 26(f) conference regarding evidence preservation.  Each party has implemented a litigation hold with respect to all ESI and hardcopy documents and media identified as relevant to this action.

**7.     Initial Disclosures**

Finjan proposes that the parties exchange initial disclosures pursuant to Rule 26(a) on October 10, 2013, to accommodate FireEye's request to extend this deadline from the original deadline of October 3, 2013.  FireEye proposes that the parties exchange initial disclosures pursuant to Rule 26(a) on October 24, 2013.

**8.     Discovery**

The parties met and conferred pursuant to Rule 26(f) on September 17, 2013.  Finjan served FireEye with document requests and interrogatories following the conference on September 17, 2013.

Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan:

> (a)     Changes to the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

Finjan proposes that the parties exchange initial disclosures pursuant to Rule 26(a) on October 10, 2013, to accommodate FireEye's request to extend this deadline from the original deadline of October 3, 2013.  FireEye proposes that the parties exchange initial disclosures pursuant to Rule 26(a) on October 24, 2013.  The parties' proposals regarding the timing for expert disclosures under Rule 26(a)(2) and pretrial disclosures under Rule 26(a)(3) are set forth in the proposed schedule in Section

4

17 (Appendix A) below.

        (b)     Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

    The parties anticipate that the scope of discovery will encompass the factual and legal issues identified in Sections 2 and 3 above, and the requested relief discussed in Section 11 below, including all related, ancillary, and subsidiary factual and legal issues and matters. The parties' proposals regarding when discovery should be completed are set forth in the proposed schedule in Section 17 (Appendix A) below.

        (c)     Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

    The parties discussed discovery of ESI during their Rule 26(f) conference and agreed to file a Stipulated Order Regarding Discovery of ESI by October 24, 2013 to address discovery of ESI, including particular topics set forth in the Northern District of California's Guidelines For the Discovery of ESI and Checklist for Rule 26(f) Meet and Confer Regarding ESI. The parties will continue to meet and confer in good faith to reach agreement on the terms of the stipulation and will advise the Court if they are unable to resolve any disputed issues.

    With respect to production format, the parties agree that documents will be produced in single-page TIFF format with full-text extraction and Concordance load files. If there is no extractable text, the producing party shall perform Optical Character Recognition ("OCR") on the document and provide the associated text file. All text files should be produced as document level text files with a path to the text file included in the Concordance load file; extracted text/OCR should not be embedded in the load file itself. If it is impracticable to produce a document in TIFF format, the producing party has the option of producing such document in native format. To the extent a receiving party identifies Excel files or other files from the TIFF production set for which data manipulation or analysis may be

5

necessary, the parties agree to meet and confer in good faith to coordinate possible supplemental production of the native version of those files.  Regarding the production of email, the parties agree to proceed with discovery of email pursuant to the Federal Circuit Advisory Council's Model Order Regarding E-Discovery in Patent Cases with the minor modification to this order.  Finjan proposes that each party will agree to limit the email production requests to seven (7) custodians (rather than five (5)) per producing party.  (Model Order, Paragraphs 10 - 11, http://www.cafc.uscourts.gov/images/stories/announcements/Ediscovery_Model_Order.pdf.) FireEye proposes that the parties agree to meet and confer in good faith if modifications to paragraphs 10 and 11 of the Model Order become necessary in the future.

Further agreement regarding discovery of ESI will be addressed in the parties' Stipulated Order Regarding Discovery of ESI.

(d)    Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order.

The parties agree that neither party will produce nor list on any privilege log any item protected by any privilege, immunity, or protection that occurred or was/is created on or after the filing date of this litigation.  Subject to the foregoing, the parties agree that issues of privilege or work product shall be addressed as provided in the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 and in the protective order and/or Stipulated Order Regarding Discovery of ESI to be entered in this action.

(e)    Changes that should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

To the extent not limited below, and unless otherwise agreed to by the parties, the parties agree that discovery is subject to the limitations set forth in the Federal Rules of Civil Procedure and Local Rules of this Court.  If a party requests discovery that exceeds any of the limitations set forth below,

6

the parties agree to meet and confer in good faith to attempt to resolve the issue without intervention of the Court.  If the parties are unable to reach agreement, a party may seek leave from the Court for the additional discovery.

(i)      Requests for Production of Documents and Things

The parties agree that may serve up to 300 requests for production of documents and things.

(ii)     Interrogatories

The parties agree that interrogatories be subject to the limits contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

(iii)    Request for Admissions

The parties agree that they may serve up to 50 requests for admission on one another. Requests for admission related to the authentication of documents are exempt from this limitation.

(iv)     Depositions

***Fact Depositions:***

Finjan's Proposal:  Finjan and FireEye are each limited to 105 hours of deposition time for fact depositions, including individual and Rule 30(b)(6) depositions of the other party as well as third party depositions.  Expert depositions will not count towards these limits.  FireEye's proposal of 170 hours of total fact deposition time is well beyond the deposition limits set forth in the Federal Rules of Civil Procedure and is unduly prejudicial to Finjan.  On the one hand, FireEye is attempting to unduly limit Finjan's ability to take discovery of FireEye.  At the same time, FireEye's proposal permits FireEye to take extensive third party discovery, subjecting Finjan's former employees to excessive unjustified depositions.  Finjan's proposed time limit permits both sides to take an equal amount of discovery and grants reasonable and ample amount of time to take all the fact depositions in the case.  Moreover, Finjan's proposal of giving both parties a single total amount of time for all fact depositions provides the flexibility to both allow Finjan sufficient time to take key depositions of the various relevant

7

FireEye employees and Rule 30(b)(6) depositions of FireEye, while allowing FireEye ample time to take third party depositions of inventors and former Finjan employees.

FireEye's Proposal: Finjan and FireEye are each limited to 70 hours of deposition time from one another for individual and Rule 30(b)(6) depositions. Finjan and FireEye are each limited to 100 hours of deposition time for third party depositions. Expert depositions will not count towards these limits. Under the circumstances of this case, Finjan's proposal to lump together the limitations on hours for third party depositions along with the limitations on party depositions is unreasonable. Finjan has asserted seven patents in this case, which have ten different named inventors. Furthermore, Finjan is now a non-practicing entity, and thus, as Finjan admits above, many of Finjan's former employees will need to be deposed as third parties. Additionally, FireEye anticipates taking numerous third-party prior art depositions relating to the seven patents-in-suit. Thus, FireEye's proposal of 100 hours of third party depositions, if anything, is low given the number of patents-in-suit, the number of named inventors and the number of likely third party prior art deponents. On the other hand, Finjan's proposal is unnecessarily burdensome as it would subject FireEye's employees to 105 hours of deposition. FireEye's proposal of 70 hours for party depositions is more than sufficient to allow Finjan to take discovery of FireEye.

The parties agree that individual depositions are limited to 7 hours of deposition time. While the 7 hour per witness limit does not apply to Rule 30(b)(6) witnesses, each deposition day will be limited to 7 hours. Individual depositions requiring an interpreter are limited to 14 hours of deposition time and will be conducted on two consecutive days. Individual and Rule 30(b)(6) depositions requiring an interpreter count as half time against the deposition limit.

***Expert Depositions:***

8

The parties agree that an expert witness may be deposed for up to 7 hours for each issue (e.g., infringement, invalidity) on which that expert has provided an opinion.  Thus, if an expert provides an opinion regarding infringement as well as an opinion regarding invalidity, then that expert may be deposed for up to 7 hours regarding infringement and for up to 7 hours regarding invalidity, for a maximum total of 14 hours of deposition time.

   (f) <u>Protective Order</u>

The parties will be producing confidential information requiring entry of a protective order in this action.  The parties are in the process of negotiating the terms of a stipulated protective order based on the Northern District of California model protective order for litigation involving patents. Finjan proposes that the parties file the protective order (with competing proposals, if necessary) by October 24, 2013.  FireEye proposes that the parties file the protective order (with competing proposals, if necessary) by January 28, 2013.  Any confidential information produced prior to entry of a protective order will be subject to the Northern District of California model protective order for litigation involving patents (pursuant to Patent Local Rule 2-2).

   (g) <u>Discovery from Experts</u>

The parties agree that the Federal Rules of Civil Procedure (e.g., Rule 26(b)(4)) and the Local Rules of this Court govern discovery from experts in this case.

   (h) <u>Service</u>

The parties agree that service via email constitutes personal service pursuant to Rule 5(b)(2)(E).  Documents served on a party shall be emailed to all attorneys of record for that party.

**9. Class Actions**

Not applicable.

**10. Related Pending Cases**

On August 28, 2013, Finjan filed a lawsuit against Blue Coat Systems, Inc. ("Blue Coat") in

JOINT CASE MANAGEMENT STATEMENT
& [PROPOSED] ORDER       Case No.: 13-CV-03133-SBA

this district (Case No. 4:13-cv-03999), alleging that Blue Coat infringes four of the seven patents asserted against FireEye in the instant lawsuit, *i.e.*, the '780 Patent, the '822 Patent, the '633 Patent and the '844 Patent, along with two additional patents, i.e., U.S. Patent No. 6,965,968 ("the '968 Patent") and U.S. Patent No. 7,418,731 ("the '731 Patent").  On September 18, 2013, the case against Blue Coat was assigned to the Honorable Edward M. Chen in the San Francisco division (Case No. 4:13-cv-03999, Dkt. No. 14).

On September 23, 2013, Finjan filed a lawsuit against Websense, Inc. ("Websense") in this district (Case No. 4:13-cv-04398), alleging that Websense infringes three of the seven patents asserted against FireEye in the instant lawsuit, i.e., the '822 Patent, the '633 Patent and the '408 Patent, along with one additional patent, i.e., U.S. Patent No. 8,141,154 ("the '154 Patent").

On September 25, 2013, Finjan filed a Notice of Pendency of Other Action or Proceeding (Dkt. No. 22).  FireEye is currently preparing an Administrative Motion to Consider Whether the Cases Should Be Related.

### 11.    Relief

Finjan seeks entry of judgment finding that FireEye infringes the Patents-in-Suit, both directly and indirectly, and that the Patents-in-Suit are valid.  Finjan also seeks injunctive relief and monetary damages, including damages based on a calculation of lost profits or an amount no less than a reasonable royalty.  Finjan further seeks a judgment that this case is exceptional and an award of Finjan's costs and reasonable attorneys' fees.  Finjan also seeks an accounting of all sales and revenues, together with pre-judgment and post-judgment interest.  Finjan seeks any other relief available under applicable law.

FireEye seeks an entry of judgment in its favor and against Finjan on Finjan's claims against FireEye for patent infringement; a finding that FireEye does not infringe any asserted claims of any of the Asserted Patents; a finding that the asserted claims of the Asserted Patents are invalid; a finding

10

that this case is exceptional and entry of an Order directing Finjan to pay FireEye its costs and

attorneys' fees; and such other relief as the Court deems just and proper under the circumstances.

### 12.    Settlement and ADR

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed

the available ADR procedures and considered whether this case would benefit from an ADR

procedure.  The parties have also met and conferred to select one of the available ADR processes for

this case and have chosen the Court's mediation process, to be completed by the presumptive deadline

in the local rules, as set forth in their stipulation submitted on September 19, 2013 (Dkt. No. 19) and

ordered by the Court on September 23, 2013 (Dkt. No. 20).

### 13.    Consent to Magistrate Judge

The parties do not consent to have a magistrate judge conduct all further proceedings including

trial and entry of judgment.

### 14.    Other references

The parties do not believe that this case is suitable for reference to binding arbitration, a special

master, or the Judicial Panel on Multidistrict Litigation.

### 15.    Narrowing of Issues

Discovery has just begun, but subject to the progression of discovery, the parties may be

able to narrow certain issues via stipulated facts.

In addition, in order to streamline "the issues in this case to promote a 'just, speedy, and

inexpensive determination' of this action, as provided by Federal Rule of Civil Procedure 1," the

parties provide the following competing proposals regarding the phased limits on asserted claims and

prior art references to supplement all other discovery rules and orders:

Not later than 40 days after FireEye is required to produce documents sufficient to show the

operation of the accused instrumentalities pursuant to Patent Local Rule 3-4, Finjan shall serve a

11

Preliminary Election of Asserted Claims, which shall assert no more than [Finjan's Proposal: 15 claims from each patent] [FireEye's Proposal, the Federal Circuit Advisory Council's Model Order Limiting Excess Patent Claims (the "Model Order"): 10 claims from each patent and not more than a total of 32 claims]. Not later than 14 days after service of the Preliminary Election of Asserted Claims, FireEye shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than [Finjan's Proposal: 15 prior art references against each patent] [FireEye's Proposal, the Model Order: 12 prior art references against each patent and not more than a total of 40 references].[1]

Not later than 28 days after the Court issues its Claim Construction Order, Finjan shall serve a Final Election of Asserted Claims, which shall identify no more than [Finjan's proposal: 10 asserted claims per patent from among the 15 previously identified claims] [FireEye's Proposal, the Model Order: 5 asserted claims per patent from among the 10 previously identified claims and no more than a total of 16 claims]. Not later than 14 days after service of a Final Election of Asserted Claims, FireEye shall serve a Final Election of Asserted Prior Art, which shall identify no more than [Finjan's Proposal: 10 asserted prior art references per patent from among the 15 prior art references previously identified for that particular patent] [FireEye's Proposal, the Model Order: 6 asserted prior art references per patent from among the 12 prior art references previously identified for that particular patent and no more than a total of 20 references].

Upon a showing of diligence, and with due consideration for prejudice, a party may seek to modify the above limits on asserted claims and prior art references for good cause shown. Any

---

[1] Finjan's Proposal: As explained in greater detail below, with respect to the prior art references that FireEye is to identify, any reference associated with a particular prior art instrumentality should be counted toward the number of asserted prior art references.

FireEye's Proposal, the Model Order: A prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

request to increase these limits must specifically show why the inclusion of additional asserted claims or prior art references is warranted. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1202, 1312–13 (Fed. Cir. 2011). A failure to seek such a modification will constitute acquiescence to the above limits on asserted claims and prior art references.

The parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.

FireEye's Statement: FireEye's proposals follow the phased limits on asserted claims and prior art references set forth in the recently issued Model Order Limiting Excess Patent Claims. The Model Order was thoughtfully crafted "[a]fter reviewing existing authority," "drawing on collective experience" and unanimously approved by the Federal Circuit Advisory Council, a committee made up of judges, in-house counsel, patent litigators and professors. On the other hand, Finjan's proposal to limit the number of asserted claims does not meaningfully narrow the number of issues in dispute. Indeed, the sheer number of claims asserted by Finjan is overwhelming. In the First Amended Complaint, for each of the seven patents-in-suit, Finjan alleges that FireEye directly infringes "one or more" claims, meaning there are potentially 240 claims at issue. Additionally, Finjan alleges indirect infringement of a total of 109 claims.[2] Finjan's proposal on narrowing claims would only narrow this number to 105 claims at the first juncture and 70 at the second. This number of asserted claims is excessive, and amounts to no real limitations at all. Finjan claims that it will narrow the number of claims by the time of the final pretrial conference, but has not added any requirement to its proposal that would obligate it to do so. On the other hand, FireEye's proposal, which directly tracks the Model Order, narrows the number of asserted claims to 32 at the first juncture and 20 at the second.

---

[2] Finjan claims that it has not asserted so many claims either directly or indirectly, but does not explain how this number is wrong or where it has further narrowed the number of asserted claims.

JOINT CASE MANAGEMENT STATEMENT
& [PROPOSED] ORDER                                    Case No.: 13-CV-03133-SBA

FireEye's proposal meaningfully focuses the case to the issues in dispute and will reduce the burden on the Court and the parties.

Finjan's purported "problems" with the Model Order are unfounded.  Finjan suggests that the Model Order has "a number of problems" and may no longer be "approved" for adoption because it was removed from the Advisory Council page of the Federal Circuit's website.  Not so.  Rather, after it was incorrectly reported that the Federal Circuit had adopted the Model Order, the Federal Circuit decided that Advisory Council approval could give the impression that the Federal Circuit has sponsored the Model Order.  Thus, the Federal Circuit removed the Model Order from its website.  This has no impact on its viability at the district court level, and the Model Order Committee[3] continues to be the sponsoring entity for the order.  (The Model Order Committee includes one of FireEye's counsel, Sean Cunningham.)  The Model Order can be found by members on the Federal Circuit Bar Association website at: https://www.fedcirbar.org/olc/pub/LVFC/cpages/homepage/homepage.jsp  Finjan's further complaint that the Model Order's limitations on asserted claims and prior art references are not numerically the same is illogical, because Finjan is attempting to compare apples and oranges.  The Model Order Committee thoughtfully crafted the numerical limitations on asserted claims and prior art references to by equally proportional for both sides in a given litigation.  Indeed, this seven-patent case with potentially hundreds of asserted claims and prior art references is precisely why the Model Order exists in the first place.  The Court should adopt it in this case.

Finjan's Statement:  While Finjan agrees in principle to the phased narrowing of asserted claims and prior art references similar to what is described in the "Model Order," there are a number

---

[3] The Model Order Committee consists of Chief Judge Randall Rader (Federal Circuit), Chief Judge Leonard Davis (E.D. Tex.), Judge Theodore Essex (ITC), Judge Katherine Forrest (S.D.N.Y.), Judge Lucy Koh (N.D. Cal.), Tina Chappell, Morgan Chu, Sean Cunningham, Isabella Fu, Mike McKool, Edward Reines (Chair), John Whealan.

14

of problems with the "Model Order" (as explained further below), and the appropriate numbers of claims and references must be determined on a case by case basis.  Here, Finjan contends that FireEye infringes seven (7) patents, such that the limits that FireEye proposes are too low, particularly at the proposed given points of time.  Contrary to FireEye's suggestion above, Finjan is not currently asserting 240 claims against FireEye, much less asserting that FireEye is indirectly infringing 109 claims, and Finjan will be identifying particular asserted claims in its infringement contentions per the Patent Local Rules.  Also, Finjan's proposal provides that the parties have the same numeric limitations on asserted claims and references, respectively, whereas FireEye's proposal unfairly allows FireEye a greater number of prior art references than Finjan is allowed asserted claims.  Also, while the limits Finjan proposes are higher than FireEye's at the two identified points in time (*i.e.*, after FireEye's production regarding its accused technology and after the Court's claim construction order), Finjan will further narrow the claims and references by the time of the final pretrial conference.

Finjan notes that the "Model Order" that FireEye refers to was only very recently proposed, and the Federal Circuit posted a notice explaining that neither the Federal Circuit nor its Advisory Council sponsors or endorses this proposal.  http://www.cafc.uscourts.gov/images/model_orders.pdf.  In fact, the Federal Circuit removed this "Model Order" from its website.  As indicated above, there are a number of problems with this proposed "Model Order," including the fact that it does not appropriately define "associated references" with a prior art product, permitting an accused infringer to expand the number of asserted references well beyond the proposed limit.  Every reference that FireEye asserts should be counted as one reference, and each reference associated with an alleged prior art instrumentality must be identified and counted toward the number of asserted prior art references.  *See Kyocera Wireless Corp. v. Int'l Trade Comm'n,* 545 F.3d 1340, 1351-52 (Fed. Cir. 2008) (dictating that a collection of technical specifications collectively known as the GSM standard,

15

JOINT CASE MANAGEMENT STATEMENT
& [PROPOSED] ORDER                                    Case No.: 13-CV-03133-SBA

written by different authors at different times do not function as a single prior art reference).  FireEye is not willing to agree to this limitation, highlighting the very issue that the prior art references FireEye can assert may very well extend well beyond the limits it claims to be proposing.

**16.    Expedited Schedule**

The parties do not propose that this case proceed under the Expedited Trial Procedure of General Order 64 Attachment A.

**17.    Scheduling**

The parties' scheduling proposals are set forth in the chart attached hereto as Appendix A.

Finjan's Statement:  Finjan proposes the schedule set forth in the Patent Local Rules without modification, as set forth in Appendix A.  Finjan does not agree that a delay in the schedule in the instant case based on the lawsuits it has subsequently filed against unrelated defendants Blue Coat and Websense is appropriate.  The accused technology in the Blue Coat and Websense cases that will be central to the lawsuits and discovery is different than FireEye's accused technology.  There are only two patents common in all three lawsuits, 'the '633 Patent and the '822 Patent.  There are two patents asserted against Blue Coat, the '780 Patent and the '844 Patent, which are also asserted against FireEye.  There is one patent asserted against Websense, the '408 Patent, which is also asserted against FireEye. The remaining patents asserted against FireEye, namely the '086 Patent and the '305 Patent, are not asserted in either the Blue Coat Action or the Websense Action.

The three proceedings should not be consolidated. The defendants in the three lawsuits are unrelated, have different accused technology and have conflicting interests as they are competitors. Finjan is not aware that FireEye has any business relationships with Blue Coat or Websense, other than as competitors, such that there cannot be a substantial overlap in the accused technology.  While there are some common patents involved in each of the lawsuits, there are patents only asserted against FireEye. While consolidation would conserve some resources and assure that there were no conflicting

16

1   results, there will be no substantial efficiencies gained if the proceedings are consolidated given the

2   foregoing and substantial differences between the actions.  Moreover, any small benefits gained from

3   consolidation do not merit the substantial delay in the schedule proposed by FireEye.

4          FireEye's Statement:  FireEye's proposed schedule set forth in Section 17 (Appendix A)

5   meaningfully contemplates the consolidation of the related cases recently filed by Finjan for pretrial

6   purposes as it tracks the Local Rule deadlines for the most recently filed related case, Case No. 4:13-

7   cv-04398.  There is a substantial overlap in technology and five of the seven patents asserted against

8   FireEye are also asserted in these related cases.  As consolidation saves judicial resources and protects

9   against inconsistent judgments, Courts routinely consolidate cases under similar circumstances.  *See,*

10  *e.g., MySpace, Inc. v. Graphon Corp.*, 732 F. Supp. 2d 915, 916 (N.D. Cal. 2010) (stating that two

11  cases involving declaratory judgment complaints, filed by two separate plaintiffs for non-infringement

12  and invalidity of the same patents owned by the same defendant, were related and consolidated );

13  *Encyclopedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1177 (W.D. Wis.

14  2007) ("if this case is not transferred and consolidated there is the risk that the same patents will be

15  interpreted differently creating inconsistent claim construction rulings, piecemeal litigation and

16

17  inconsistent judgments").

18

19         **18.    Trial**

20         The parties have requested trial by jury and expect that the trial will require approximately 7

21  court days.

22         **19.    Disclosure of Non-party Interested Entities or Persons.**

23         The parties have filed Certifications of Interested Entities or Persons pursuant to Civil Local

24  Rule 3-16.  Dkt. No. 3 (Finjan's certification); Dkt. No. 14 (FireEye's certification).

25

26         Finjan confirms that it is a wholly owned subsidiary of Finjan Holdings, Inc., and that no other

27  entities have a financial interest in the subject matter in controversy in Finjan, or a non-financial

28

                                          17

interest in the subject matter of Finjan that could be substantially affected by the outcome of this proceeding.

FireEye confirms that it does not have any parent corporation and no publicly held corporation owns 10% or more of its stock.

**20.     Other Matters**

Pursuant to Patent Local Rule 2-1, the parties have also met and conferred regarding the following additional matters:

**(1)     Proposed modification of the obligations or deadlines set forth in the Patent Local Rules**

FireEye proposes that the deadlines set forth in the Patent Local Rules should be modified as described in FireEye's schedule set forth in Section 17 (Appendix A).  Finjan disagrees with FireEye's modification.  The parties' respective positions regarding the schedule are set forth above at Section 17.

**(2)     The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court**

The parties' proposed schedule (Section 17, Appendix A) addresses the timing of claim construction discovery. The parties' respective positions regarding the schedule are set forth above at Section 17.  At this time, the parties do not anticipate a need to limit the scope of claim construction discovery.

**(3)     The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing**

The parties note that, pursuant to Judge Armstrong's Patent Standing Orders, "[t]he claim construction hearing will generally be scheduled for no longer than three (3) hours" (¶11), and the parties anticipate requesting at least this amount of time for the hearing.  The parties agree that Finjan and FireEye will each be allocated half of the total time permitted for the hearing.  The parties agree

18

that the presentations should begin with Finjan's argument regarding all of the disputed claim terms, followed by FireEye's argument regarding all of the disputed claim terms, followed by any rebuttal by Finjan. With respect to live testimony, the parties note that Judge Armstrong's Patent Standing Orders address this issue at paragraph 9. As such, Finjan or FireEye will seek approval pursuant to this paragraph if either determines that such testimony will be necessary.

**(4)** **How the parties intend to educate the court on the technology at issue**

The parties propose providing the Court with a tutorial regarding the technology at issue prior to the claim construction hearing. The parties further note that Judge Armstrong's Patent Standing Orders address the format and allotted time for such a tutorial at paragraph 6.

19

DATED:  September 30, 2013                Respectfully submitted,

                                    By:  /s/ James Hannah_____
                                         Paul Andre (State Bar. No. 196585)
                                         Lisa Kobialka (State Bar No. 191404)
                                         James Hannah (State Bar No. 237978)
                                         KRAMER LEVIN NAFTALIS & FRANKEL LLP
                                         990 Marsh Road
                                         Menlo Park, CA  94025
                                         Telephone: (650) 752-1700
                                         Facsimile: (650) 752-1800
                                         pandre@kramerlevin.com
                                         lkobialka@kramerlevin.com
                                         jhannah@kramerlevin.com

                                         Attorneys for Plaintiff
                                         FINJAN, INC.

DATED:  September 30, 2013                Respectfully submitted,

                                    By:  /s/ Summer Krause_____
                                         SUMMER KRAUSE (Bar No. 264858)
                                         JOHN ALLCOCK (Bar No. 98895)
                                         SEAN CUNNINGHAM (Bar No. 174931)
                                         KATHRYN RILEY GRASSO (Bar No. 211187)
                                         **DLA PIPER LLP (US)**
                                         401 B Street, Suite 1700
                                         San Diego, CA  92101-4297
                                         Tel:  (619) 699-2700
                                         Fax:  (619) 699-2701
                                         john.allcock@dlapiper.com
                                         sean.cunningham@dlapiper.com
                                         kathryn.riley@dlapiper.com

                                         Attorneys for Defendant
                                         FIREEYE, INC.

        In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this

document has been obtained from any other signatory to this document.

                                    By:  /s/   James Hannah_____
                                             James Hannah (State Bar No. 237978)

20

## <u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is
approved as the Case Management Order for this case and the parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____     _____

UNITED STATES DISTRICT JUDGE

21

**Appendix A:**
**Proposed Case Schedule**

| Event | Applicable rule or order | Ordered or Agreed Date | Finjan's Proposed Date | FireEye's Proposed Date |
|---|---|---|---|---|
| Initial Disclosures | Dkt. No. 2; Rule 26(a)(1) | | October 10, 2013 | October 24, 2013 |
| Initial Case Management Conference | Dkt. No. 7 | October 10, 2013 | | |
| Disclosure of Asserted Claims and Infringement Contentions; Document Production Accompanying Disclosure | Pat. L.R. 3-1, 3-2 (Not later than 14 days after the Initial Case Management Conference) | | October 24, 2013 | January 28, 2014 |
| Last day to join parties or amend the pleadings without leave of Court | | November 11, 2013 | | |
| Invalidity Contentions; Document Production Accompanying Invalidity Contentions | Pat. L.R. 3-3, 3-4 (Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions") | | December 9, 2013 | March 14, 2014 |
| Exchange of Proposed Terms for Construction | Pat. L.R. 4-1 (Not later than 14 days after service of the "Invalidity Contentions" pursuant to Patent L.R. 3-3) | | December 23, 2013 | March 28, 2014 |

i

| Event | Applicable rule or order | Ordered or Agreed Date | Finjan's Proposed Date | FireEye's Proposed Date |
|---|---|---|---|---|
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | Pat. L.R. 4-2 (Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1) | | January 13, 2014 | April 18, 2014 |
| Joint Claim Construction and Prehearing Statement. | Pat. L.R. 4-3 (Not later than 60 days after service of the "Invalidity Contentions") | | February 7, 2014 | May 13, 2014 |
| Completion of Claim Construction Discovery (including depositions of experts who submitted declarations in support of claim construction positions) | Pat. L.R. 4-4 (Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement) | | March 10, 2014 | June 12, 2014 |
| Claim Construction Briefs – opening brief | Pat. L.R. 4-5(a) (Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement) | | March 24, 2014 | June 27, 2014 |
| Claim Construction Briefs – responsive brief | Pat. L.R. 4-5(b) (Not later than 14 days after service of an opening brief) | | April 7, 2014 | July 11, 2014 |
| Claim Construction Briefs – reply brief | Pat. L.R. 4-5(c) (Not later than 7 days after service of a responsive brief) | | April 14, 2014 | July 18, 2014 |

JOINT CASE MANAGEMENT STATEMENT
& [PROPOSED] ORDER

Case No.: 13-CV-03133-SBA

| Event | Applicable rule or order | Ordered or Agreed Date | Finjan's Proposed Date | FireEye's Proposed Date |
|---|---|---|---|---|
| Claim Construction Hearing (including technology tutorial). | Pat. L.R. 4-6 (Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c)) | | April 28, 2014, subject to the convenience of the Court's calendar | August 1, 2014, subject to the convenience of the Court's calendar |
| Joint Case Management Status Report | Judge Armstrong's Patent Standing Orders, ¶12 | 30 days after claim construction order | | |
| Close of fact discovery | | To be set after claim construction order | | |
| Opening expert reports | | To be set after claim construction order | | |
| Rebuttal expert reports | | To be set after claim construction order | | |
| Close of expert discovery | | To be set after claim construction order | | |
| Opening summary judgment briefs | | To be set after claim construction order | | |
| Responsive summary judgment briefs | | To be set after claim construction order | | |
| Reply summary judgment briefs | | To be set after claim construction order | | |

JOINT CASE MANAGEMENT STATEMENT
& [PROPOSED] ORDER

Case No.: 13-CV-03133-SBA

| Event | Applicable rule or order | Ordered or Agreed Date | Finjan's Proposed Date | FireEye's Proposed Date |
|---|---|---|---|---|
| Summary judgment hearings | | To be set after claim construction order | | |
| Final Pretrial Conference | | To be set after claim construction order | | |
| Trial | | To be set after claim construction order | | |

iv

JOINT CASE MANAGEMENT STATEMENT
& [PROPOSED] ORDER

Case No.: 13-CV-03133-SBA