JOHN ALLCOCK (Bar No. 98895)
john.allcock@dlapiper.com
SEAN CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
KATHRYN RILEY GRASSO (Bar No. 211187)
kathryn.riley@dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  (619) 699-2700
Fax:  (619) 699-2701

SUMMER KRAUSE (Bar No. 264858)
summer.krause@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2215
Tel:  650.833.2000
Fax:  650.833.2001

TODD S. PATTERSON (pro hac vice)
Texas Bar No. 24060396
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Telephone:  512-457-7000
Facsimile:  512-457-7001

Attorneys for Defendant and Counterclaimant
FIREEYE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIREEYE, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. 13-CV-03133 (SBA)<br><br>**DEFENDANT FIREEYE, INC.'S NOTICE OF MOTION AND MOTION FOR STAY OF THE CASE PENDING REEXAMINATION OF UNITED STATES PATENT NOS. 7,058,822, 7,647,633 AND 8,079,086**<br><br>Date:  November 12, 2013<br>Time:  1 p.m.<br>Dept.:  Courtroom 1 - 4th Floor<br>Judge:  Honorable Saundra B. Armstrong |

WEST\242647941.1

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. PROCEDURAL HISTORY .................................................................................................. 3

    A. This Case Is In Its Early Stages ................................................................................ 3

    B. The Patents-in-Suit and Related Reexamination Proceedings ................................. 3

III. THE COURT SHOULD STAY THIS LITIGATION .......................................................... 5

    A. Factor One: Discovery Is at an Early Stage and the Court Has Not Set a Trial Date ................................................................................................................. 7

    B. Factor Two: A Stay Pending Reexamination Will Simplify the Issues in Dispute ...................................................................................................................... 8

        1. A Stay Will Streamline the Litigation and Provide the Parties and Court with the Patent Office's Expert Guidance ......................................... 8

        2. Staying the Entire Case Will Simplify the Issues For Trial ........................ 9

    C. Factor Three: A Stay Will Not Unduly Prejudice or Tactically Disadvantage Finjan ...................................................................................................................... 10

IV. CONCLUSION ................................................................................................................... 11

DLA Piper LLP (US)
East Palo Alto

# TABLE OF AUTHORITIES

**Page**

CASES

*Akeena Solar Inc. v. Zep Solar Inc.*,
  09-05040 JSW, 2010 WL 1526388 (N.D. Cal. Apr. 14, 2010) .......................................... 8, 11

*ASCII Corp.* v. *STD Entm't USA, Inc.*,
  844 F. Supp. 1378 (N.D. Cal. 1994) ..................................................................................... 5, 7

*AT&T Intellectual Property I v. Tivo, Inc.*,
  774 F. Supp. 2d 1049 (N.D. Cal. 2011) ............................................................................. 5, 8, 9

*Bloom Eng'g Co. v. N. Am. Mfg. Co.*,
  129 F.3d 1247 (Fed. Cir. 1997) ................................................................................................. 9

*Capriola Corp. v. LaRose Indus., LLC*,
  8:12-cv-2346-T-23-TBM, 2013 WL 1868344 (M.D. Fla. Mar. 11, 2013) .............................. 6

*Convergence Technologies (USA), LLC v. Microloops Corp.*,
  5:10-CV-02051-EJD, 2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) ....................................... 5

*Direct Imaging Sys., Inc. v. U.S. Graphic Arts, Inc.*,
  8:05-cv-2224-T-24-TGW, 2007 WL 778633 (M.D. Fla. 2007) ............................................... 9

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) .............................................................................................. 5, 6

*Gould v. Control Laser Corp.*,
  705 F.2d 1340 (Fed. Cir. 1983) ............................................................................................... 5, 8

*GraphOn Corp. v. Juniper Networks, Inc.*,
  10–1412 JSW, 2010 WL 3619579 (N.D. Cal. 2010) ............................................................... 5

*Ho Keung Tse v. Apple Inc.*,
  06-06573 SBA, 2007 WL 2904279 (N.D. Cal. 2007) (Armstrong, J.) ............................. 5, 6, 7

*In re Cygnus Telecomms. Tech., LLC, Patent Litig.*,
  385 F. Supp. 2d 1022 (N.D. Cal. 2005) ..................................................................................... 6

*Inogen, Inc. v. Inova Labs, Inc.*,
  11-1692-JST, 2012 WL 4748803 (C.D. Cal. Mar. 20, 2012) ................................................... 6

*Internet Patents Corp. v. eBags, Inc.*,
  12-03385 SBA, 2013 WL 4609533 (N.D. Cal. Aug. 28, 2013) (Armstrong, J.) ................ 7, 10

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
  05-03116 JSW, 2006 WL 708661 (N.D. Cal. 2006) .................................................... 5, 6, 7, 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .................................................................................................... 5

*LifeScan, Inc. v. Shasta Technologies, LLC*,
  5:11-CV-04494-EJD, 2013 WL 1149819 (N.D. Cal. Mar. 19, 2013) ...................... 5

*Like.com v. Superfish, Inc.*,
  09–CV–5805–SBA, 2010 WL 2635763 (N.D. Cal 2010) (Armstrong, J.) ............... 5

*Manometries, Inc. v. Nova Measuring Instruments, Ltd.*,
  06-2252 SBA, 2007 WL 627920 (N.D. Cal. 2007) (Armstrong, J.) ............... 5, 7, 11

*Methode Elec., Inc. v. Infineon Tech. Corp.*,
  99–21142 JW, 2000 WL 35357130 (N.D. Cal. 2000) ............................................ 10

*Microsoft Corp. v. Tivo Inc.*,
  10–CV–00240–LHK, 2011 WL 1748428 (N.D. Cal. May 6, 2011) ........................ 7

*Photoflex Prods., Inc. v. Circa 3 LLC*,
  04-03715 JSW, 2006 WL 1440363 (N.D. Cal. 2006) ............................................ 10

*Pragmatus AV, LLC v. Facebook, Inc.*,
  11–CV–02168–EJD, 2011 WL 4802958 (N.D. Cal. 2011) ................................. 5, 6

*Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*,
  12-00068 JSW, 2013 WL 752474 (N.D. Cal. Feb. 27, 2013) .................................. 5

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
  12-21-JST, 2012 WL 7179503 (C.D. Cal. Dec. 19, 2012) ...................................... 6

*Sonics, Inc. v. Arteris, Inc.*,
  11-05311-SBA, 2013 WL 503091 (N.D. Cal. Feb. 8, 2013) (Armstrong, J.) ......... 7, 9, 10, 11

*Sorensen v. Digital Networks N. Am., Inc.*,
  07-05568 JSW, 2008 WL 152179 (N.D. Cal. 2008) ................................................ 5

*Spectros Corp. v. Thermo Fisher Scientific, Inc.*,
  09-1996 SBA, 2010 WL 338093 (N.D. Cal. 2010) (Armstrong, J.) ........................ 5

*Streetspace, Inc. v. Google, Inc.*,
  11-04574 JW, 2012 WL 293642 (N.D. Cal. Feb. 1, 2012) ...................................... 5

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*,
  94–20775 RPA, 1995 WL 20470 (N.D. Cal. 1995) ................................................. 7

# TABLE OF AUTHORITIES

**<u>Page</u>**

**CASES**

*Tomco Equip. Co. v. Se. Agri-Sys., Inc.*,
    542 F. Supp. 2d 1303 (N.D. Ga. 2008) ................................................................................ 10

**STATUTES**

35 U.S.C. §§ 302 *et. seq*. ............................................................................................................... 5

Defendant FireEye, Inc. ("FireEye") respectfully moves to stay this litigation pending completion of the reexamination of three patents asserted by Plaintiff Finjan, Inc. ("Finjan"), United States Patent Nos. 7,058,822, 7,647,633 and 8,079,086 (collectively the "Reexamination Patents") by the United States Patent and Trademark Office ("Patent Office").

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on November 12, 2013, at 1 p.m., or as soon thereafter as counsel may be heard by the above-titled court, located at 1301 Clay Street, Oakland, CA 94612, FireEye will and hereby does move the Court for an order staying the case until the Patent Office denies the reexamination requests, issues a final Office Action in the reexamination rejecting the claims, or issues a reexamination certificate issuing modified claims or confirming the existing claims.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Summer Krause filed herewith, the pleadings and papers on file herein and any evidence and argument presented to the Court at the hearing.

## STATEMENT OF RELIEF

FireEye seeks an Order from the Court staying this case until the Patent Office denies the reexamination requests, issues a final Office Action in the reexamination rejecting the claims, or issues a reexamination certificate issuing modified claims or confirming the existing claims.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

On December 20, 2012, a jury of three men and three women in the District of Delaware rendered a verdict finding two of Finjan's patents (United States Patent Nos. 6,092,194 and 6,480,962) invalid. The jury's verdict was upheld on post-trial motions. On September 6, 2013, the Patent Office issued a reexamination certificate on a third Finjan patent (United States Patent No. 6,167,520) cancelling all claims of that patent. Each of the three Reexamination Patents is a direct or indirect descendant of these three invalid Finjan patents. FireEye expects the Patent Office to

reach the same conclusion as the jury in Delaware and the Patent Office did before and find the three Reexamination Patents invalid as well.

Given this history, the Court should stay this litigation until the Patent Office has completed its reexaminations.  Staying this case will avoid the need for the Court to conduct claim construction proceedings and make other rulings on Finjan patents that are unlikely to survive reexamination.  Even if some claims of these patents survive reexamination, it is likely those claims will be significantly narrowed during reexamination.  Thus, any rulings the Court makes on the patents that are subject to reexamination may be rendered moot.

The following circumstances make a stay particularly appropriate here:

<u>First</u>, this case is in its infancy.  The Court has not held the initial case management conference or set a case schedule.  Written discovery has just begun with one set of interrogatories and document requests served by Finjan; the parties have not scheduled or taken any depositions; and the parties have filed no dispositive motions.  The time to stay the case is now, before the Court and the parties expend time and effort litigating patents that are unlikely to survive reexamination.

<u>Second</u>, a stay will simplify discovery and trial.  Finjan has asserted seven patents, five of which are descendants of the two patents invalidated in Delaware.  Statistically, the Patent Office grants 92 percent of *ex parte* reexamination requests, and 78 percent of claims that undergo *ex parte* reexamination are rejected or modified.  Thus, a stay in this case will avoid unnecessary rulings on patents that will very likely not survive reexamination, at least not in their present form.  It would be inefficient to conduct claim construction proceedings and trial on the Reexamination Patents only to have them invalidated by the Patent Office.  And because many of the remaining Finjan patents are in the same family, it would be inefficient to proceed on those patents without the Reexamination Patents.

<u>Third</u>, a stay will not prejudice Finjan.  Finjan has been litigating its patents for years, but waited until July of this year to sue FireEye.  Finjan has not yet invested significant time or money litigating this case.  And because Finjan does not practice its own patents, it is not losing market share or profits to FireEye.  Its claim for damages can wait until the Patent Office determines

whether its patents are even valid.  On the other hand, FireEye and the Court will be prejudiced if they are forced to spend significant time and resources litigating patent claims that may cease to exist.

## II.  PROCEDURAL HISTORY

### A.  This Case Is In Its Early Stages.

Finjan filed its original complaint on July 8, 2013, asserting infringement of six Finjan patents.[1]  Dkt. No. 1.  Finjan did not notify or otherwise engage in any communications with FireEye prior to filing the suit.  On August 16, 2013, Finjan filed an amended complaint adding a seventh patent, United States Patent No. 6,154,844 ("the '844 patent").  Dkt. No. 11.  On September 3, 2013, FireEye filed its answer to the first amended complaint and counterclaims for declaratory relief.  Dkt. No. 13.  The Court has scheduled the initial case management conference for October 10, 2013.  Dkt. No. 7.  The Court has not entered a scheduling order, nor has the Court set dates for the close of fact discovery, the *Markman* hearing, or trial.  The parties held their Rule 26(f) conference on September 17, 2013, and Finjan has not yet served infringement contentions.  Finjan has served a single set of document requests and interrogatories on FireEye, and FireEye's deadline to respond has not yet passed.  This case is truly in its infancy.

### B.  The Patents-in-Suit and Related Reexamination Proceedings

Each of the seven Finjan asserted patents purportedly relate to protecting network security technology.  Six of the seven patents (all but the '844 patent) come from the same patent family, and five of those six patents name Shlomo Touboul as an inventor, among other former Finjan employees.  Each of the seven asserted patents claim similar technology; namely systems and methods for protecting network devices from undesirable or "hostile" downloadables.

/////

/////

/////

---

[1] The six patents are United States Nos. 8,079,086 ("the '086 patent"); 7,058,822 ("the '822 patent"); 7,647,633 ("the '633 patent"); 6,804,780 ("the '780 patent"); 7,975,305 ("the '305 patent"); and 8,225,408 ("the '408 patent").

1  Furthermore, as the diagram below demonstrates, each of the three Reexamination Patents
2  is a direct or indirect descendant of the now-invalid '520, '194 and '962 patents. Ex. 1 (Jury
3  Verdict); Ex. 2 (Reexamination Certificate for '520 Patent).[2] The circles represent asserted
4  patents, and the squares represent patents in the same family that either have not been asserted or
5  were rendered invalid by the Patent Office or by the jury's verdict in Delaware:



**Figure 1 – the Finjan patent family**

The three Reexamination Patents claim concepts such as: (1) a method of deriving security profile data for a downloadable that includes a list of suspicious operations the downloadable may attempt (the '086 patent); and (2) methods of determining whether a downloadable includes executable code and causing "mobile protection code" to be

---

[2] All exhibits cited in this motion are attached to the declaration of Summer Krause filed in support of this motion.

communicated to a destination of the downloadable (the '822 and '633 patents). Each of these concepts was well-known in the prior art, including in multiple prior art references the Patent Office did not consider during prosecution of the Reexamination Patents. FireEye has detailed these prior art references in its *ex parte* reexamination requests for the '822, '633 and '086 patents, filed with the Patent Office on October 7, 2013. Exs. 3-5 (Reexamination Requests). FireEye's reexamination requests assert four prior art references against all asserted claims of the Reexamination Patents. Given the strength of the prior art, it is highly likely that all asserted claims of the Reexamination Patents will not survive reexamination.

### III.    THE COURT SHOULD STAY THIS LITIGATION.

District courts have the inherent power to stay litigation pending reexamination proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). Indeed, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination ... proceedings." *ASCII Corp.* v. *STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994) (stay granted). Courts in this District frequently grant stays pending reexamination. *Id.*[3] Reexamination permits the Patent Office to reevaluate patentability where a party presents prior art that raises a "substantial new question of patentability." 35 U.S.C. §§ 302 *et. seq*. As Congress stated, reexamination "'will permit efficient resolution of

---

[3] *See also Convergence Technologies (USA), LLC v. Microloops Corp.*, 5:10-CV-02051-EJD, 2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) (stay granted); *LifeScan, Inc. v. Shasta Technologies, LLC*, 5:11-CV-04494-EJD, 2013 WL 1149819 (N.D. Cal. Mar. 19, 2013) (stay granted); *Robert Bosch Healthcare Sys., Inc. v. ExpressMD Solutions, LLC*, 12-00068 JSW, 2013 WL 752474 (N.D. Cal. Feb. 27, 2013) (stay granted); *Streetspace, Inc. v. Google, Inc.*, 11-04574 JW, 2012 WL 293642 (N.D. Cal. Feb. 1, 2012) (stay granted); *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–CV–02168–EJD, 2011 WL 4802958 (N.D. Cal. 2011) (stay granted); *AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049 (N.D. Cal. 2011) (Armstrong, J.) (stay granted); *Like.com v. Superfish, Inc.*, 09–CV–5805–SBA, 2010 WL 2635763 (N.D. Cal 2010) (Armstrong, J.) (stay granted); *Spectros Corp. v. Thermo Fisher Scientific, Inc.*, C 09-1996 SBA, 2010 WL 338093 (N.D. Cal. 2010) (Armstrong, J.) (stay granted); *GraphOn Corp. v. Juniper Networks, Inc.*, 10–1412 JSW, 2010 WL 3619579 (N.D. Cal. 2010) (stay granted); *Sorensen v. Digital Networks N. Am., Inc.*, 07-05568 JSW, 2008 WL 152179 (N.D. Cal. 2008) (stay granted); *Ho Keung Tse v. Apple Inc., No.* 06-06573 SBA, 2007 WL 2904279 (N.D. Cal. 2007) (Armstrong, J.) (stay granted); *Manometries, Inc. v. Nova Measuring Instruments, Ltd.*, 06-2252 SBA, 2007 WL 627920 (N.D. Cal. 2007) (Armstrong, J.) (stay granted); *KLA-Tencor Corp. v. Nanometrics, Inc.*, 05-03116 JSW, 2006 WL 708661 (N.D. Cal. 2006) (stay granted).

questions about the validity of issued patents without recourse to expensive and lengthy infringement actions.'" *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (*quoting* H.Rep. 1307(I), 96th Cong., 2d Sess. 4, reprinted in 1980 U.S. Code Cong. & Admin. News 6460, 6463).

Notably, "[i]n light of the 'liberal policy' favoring stays pending reexamination, a court can grant a stay even if the Patent Office is still considering whether to grant a party's reexamination request." *Ho Keung Tse,* 2007 WL 2904279 at *2; *see also Pragmatus AV, LLC*, 2011 WL 4802958 at *3 ("[I]t is not uncommon for this court to grant stays pending reexamination prior to the PTO deciding to reexamine the patent.") (citing additional cases); *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 12-21-JST (JPRx), 2012 WL 7179503, at *3 (C.D. Cal. Dec. 19, 2012) (granting stay pending Patent Office's decision on petition for *inter partes* review and noting "if the USPTO rejects the inter partes request, the stay will be relatively short"); *Inogen, Inc. v. Inova Labs, Inc.*, 11-1692-JST, 2012 WL 4748803, at *3 (C.D. Cal. Mar. 20, 2012) (same); *Capriola Corp. v. LaRose Indus., LLC*, 8:12-cv-2346-T-23TBM, 2013 WL 1868344, at *3 (M.D. Fla. Mar. 11, 2013) (granting stay where "prudence commends resort to a stay until either the PTO declines review or, finding an important issue within the PTO's special province, the PTO grants and completes review to the benefit of the parties, the court, and the public.").

In determining whether to a stay a case pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g., Ho Keung Tse,* 2007 WL 2904279 at *2; *KLA-Tencor Corp.,* 2006 WL 708661 at *2-5. "A stay is particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.,* 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005). Here, each of these factors support a stay.

/////

A. <u>Factor One</u>: Discovery Is at an Early Stage and the Court Has Not Set a Trial Date.

The early stage of this litigation strongly favors a stay. FireEye responded to Finjan's complaint just over a month ago, and the initial case management conference has not yet occurred. Finjan has not yet served its infringement contentions, the parties have not exchanged initial disclosures, and the Court has not set a case schedule. Finjan has served one set of interrogatories and document requests on FireEye, responses to which are not due until October 21, 2013. No depositions have been scheduled or taken.

The early stage of this case strongly favors a stay, so the Patent Office can complete its work before the Court and the parties spend significant time and effort litigating patents that likely will not survive reexamination, at least not in their present form. *See Internet Patents Corp. v. eBags, Inc.*, 12-03385-SBA, 2013 WL 4609533 at *4 (N.D. Cal. Aug. 28, 2013) (Armstrong, J.) ("There is a liberal policy in favor of granting motions to stay proceedings pending reexamination of a patent, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery."); *Ho Keung Tse*, 2007 WL 2904279 at *2-3 ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery."); *KLA-Tencor Corp.*, 2006 WL 708661 at *2 (granting stay where discovery had just begun; *ASCII Corp.,* 844 F. Supp. at 1381 (granting stay where the parties had undertaken little or no discovery); *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 94–20775 RPA, 1995 WL 20470, at *2 (N.D. Cal. 1995) (absence of significant discovery or substantial expense and time invested favored stay).

In fact, courts routinely grant stays in cases that have advanced much farther than this one. *See, e.g., Manometries, Inc.*, 2007 WL 627920, at *2 (staying case where defendant requested stay nine months after patent claims were filed); *Nanometrics, Inc.*, 2007 WL 627920 at *2 (stay requested nine months after complaint filed); *Sonics, Inc. v. Arteris, Inc.*, 11-05311-SBA 2013 WL 503091 at *2 (N.D. Cal. Feb. 8, 2013) (Armstrong, J.) (finding case in "early stages" where stay was requested less than 11 months after complaint filed); *Microsoft Corp. v. Tivo Inc.*, 10–

CV–00240–LHK, 2011 WL 1748428 at *6 (N.D. Cal. May 6, 2011) (granting stay after filing of claim construction briefs where "discovery is still open and no trial date is set"). Here, because FireEye promptly sought reexamination and promptly sought a stay, the early stage of this case strongly favors a stay.

### B. Factor Two: A Stay Pending Reexamination Will Simplify the Issues in Dispute.

#### 1. A Stay Will Streamline the Litigation and Provide the Parties and Court with the Patent Office's Expert Guidance.

A stay will simplify the issues and streamline trial, thereby reducing the burden on the Court and the parties. It is highly probable the Patent Office will grant FireEye's reexamination requests and reject or, at a minimum, significantly narrow the asserted claims of the Reexamination Patents. *Akeena Solar Inc. v. Zep Solar Inc.*, 09-05040 JSW, 2010 WL 1526388 at * 4 (N.D. Cal. Apr. 14, 2010). This conclusion is supported by the number and strength of the prior art references FireEye has cited, as well as by Patent Office statistics regarding reexaminations. The most recent statistics demonstrate that the Patent Office accepts 92 percent of *ex parte* reexamination requests. Ex. 6. Once it institutes an *ex parte* reexamination, the Patent Office cancels all claims of a given patent in 11 percent of the cases and significantly modifies the claims of a given patent in 67 percent of the cases. *Id.* That means the Patent Office either cancels or modifies a patent's claims in <u>78 percent</u> of *ex parte* reexaminations. Thus, there is a high probability that reexamination will have a major impact on the disputes to be resolved in this case. *AT&T Intellectual Property I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1053 (N.D. Cal. 2011) (Armstrong, J.).

If the claims of the Reexamination Patents are cancelled or modified during reexamination, this will have a ripple effect across all of Finjan's asserted patents. This is because the claim construction, validity, and infringement disputes are so similar across these family-related patents. Thus, a stay will promote judicial economy because the Court can avoid discovery, claim construction proceedings and trial on patent claims that may cease to exist

during the Patent Office's reexamination. *See Gould*, 705 F.2d at 1342 (claims eliminated during reexamination are treated as if they never issued). A stay also will simplify the damages issues, because Finjan cannot seek past damages for claims canceled or amended during reexamination. *Bloom Eng'g Co. v. N. Am. Mfg. Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). Rather, for claims that are substantively amended during reexamination, damages begin to accrue only after the Patent Office issues the reexamination certificate. *Id.*

Even if some of the claims survive reexamination, a stay is still appropriate. *See Sonics,* 2013 WL 503091 at *2 ("should the PTO cancel any of the asserted claims of the patents-in-reexamination or narrow any of the asserted claims in the patents-in-reexamination, the scope of this litigation may be significantly simplified."); *AT&T Intellectual Property I*, 774 F.Supp.2d at 1053. And the Patent Office's analysis of the prior art during reexamination will help narrow the validity issues and provide the Court with the Patent Office's understanding of the prior art. *Direct Imaging Sys., Inc. v. U.S. Graphic Arts, Inc.*, 8:05-cv-2224-T-24-TGW, 2007 WL 778633 at *3 (M.D. Fla. 2007) ("A stay will allow both the parties and the Court to take advantage of the PTO's expert analysis of the [patent-at- issue] and may limit or narrow the remaining issues to be litigated."). The broad range of issues that will be impacted and simplified as a result of the reexaminations strongly supports a stay.

### 2. Staying the Entire Case Will Simplify the Issues For Trial.

As discussed above, staying the entire case (that is, all seven of Finjan's asserted patents) will simplify discovery, claim construction proceedings and trial. The four Finjan patents that are not currently subject to reexamination involve the same technology as the Reexamination Patents. Except for the '844 patent, all of the Finjan patents are related to one another, sharing a common ancestry. *See* Fig. 1 above. Finjan accuses the same FireEye products of infringing the Reexamination Patents and the remaining four patents. And all of the patents have overlapping inventors.

Given the significant overlap among all of the patents, it makes little sense to move forward on a subset of the patents, only to have the reexaminations alter the course of discovery and claim construction proceedings. And conducting the litigation in piecemeal fashion would

mean two (or more) discovery periods, two (or more) sets of claim construction proceedings and two (or more) trials. As this Court has found:

> When there are overlapping issues between the reexamined patents and other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted. Here, it is undisputed that all of the patents-in-suit involve similar 'system on chip technology.' Further, Plaintiff did not dispute the following assertions made by Defendant in its moving papers: the products accused of infringing the '183 patent (i.e., the non-reexamined patent) are also accused of infringing several of the patents-in-reexamination, two of the named inventors of the '183 patent are also named inventors of at least one of the patents-in-reexamination, and moving forward with this litigation in a piecemeal fashion would require the time and expense of educating a judge and jury twice on similar technology and would result in duplicative discovery.

*Sonics,* 2013 WL 503091 at *3 (citations omitted); *see also KLA-Tencor Corp.,* 2006 WL 708661 at *4-5 (granting stay of entire case pending reexam of two of three patents-in-suit where there was overlap in accused products and likely witnesses to be deposed across the three patents); *Methode Elec., Inc. v. Infineon Tech. Corp.*, 99–21142 JW, 2000 WL 35357130 at *3 (N.D. Cal. 2000) (granting stay of entire case pending reexam of one of two patents-in-suit "since there are likely to be common documents and witnesses regarding the infringement litigation" of both patents); *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008) ("Although there are two patents at issue and only one is being reexamined, that reexamination should shed significant light on the '307 patent infringement litigation. In addition, it would not make sense to bifurcate the trial for each patent because they are very closely related.").

Thus, the Court should stay the entire litigation pending the results of the reexaminations.

    **C.**    **Factor Three: A Stay Will Not Unduly Prejudice or Tactically Disadvantage Finjan**

Finjan will not be prejudiced by a stay. "The delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *Photoflex Prods., Inc. v. Circa 3 LLC*, 04-03715 JSW, 2006 WL 1440363, at *2 (N.D. Cal. 2006); *see also Internet Patents Corp.*, 2013 WL 4609533 at *4 ("[P]arties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework."). For at least the following reasons, Finjan will not be prejudiced by a stay.

First, Finjan will be compensated monetarily for any delay resulting from reexamination. If any claims of the Reexamination Patents survive reexamination unaltered, Finjan will be able to seek damages on those claims during the period of the stay. *Manometries, Inc.*, 2007 WL 627920 at *3. Money damages therefore are sufficient to compensate Finjan for any alleged infringement during the stay. Furthermore, Finjan admits it does not practice its own patents; therefore, Finjan and FireEye are not competitors. Dkt. No. 11 at ¶¶ 7-8 (Finjan generated revenue through product sales only through 2009). Thus, a stay will not prejudice Finjan from continuing harm to competition or loss of market share.

Second, "a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation." *Akeena Solar*, 2010 WL 1526388 at *3. Because this case is in its infancy, Finjan has not yet invested substantial time or expense. And FireEye did not delay in seeking reexamination or a stay. *Sonics,* 2013 WL 503091 at *4 (Armstrong, J.) (courts may also consider evidence of dilatory motives or tactics). Rather, FireEye filed its reexamination requests 91 days after being sued and filed this motion the same day. *Akeena Solar*, 2010 WL 1526388 at *4 (granting motion to stay where motion and petition for *inter partes* reexamination filed on same day).

For all of the reasons, the final factor supports a stay.

## IV. CONCLUSION

For the foregoing reasons, FireEye respectfully requests that the Court grant FireEye's request to stay this case until the Patent Office denies the reexamination requests, issues a final Office Action in the reexamination rejecting the claims, or issues a reexamination certificate issuing modified claims or confirming the existing claims.

Dated: October 7, 2013

**DLA PIPER LLP (US)**

By  /s/ Summer Krause
JOHN ALLCOCK
SEAN CUNNINGHAM
KATHRYN RILEY GRASSO
TODD PATTERSON
SUMMER KRAUSE
Attorneys for Defendant
FIREEYE, INC.

**CERTIFICATE OF CONFERENCE**

Counsel for FireEye has conferred with counsel for Finjan regarding this motion.

          */s/  Summer Krause*
          Summer Krause