| | Control No. | Patent Under Reexamination |
|---|---|---|
| **Office Action in Ex Parte Reexamination** | 90/013,016 | 7647633 |
| | Examiner | Art Unit | AIA (First Inventor to File) Status |
| | ADAM BASEHOAR | 3992 | No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a. ☒ Responsive to the communication(s) filed on _10/07/2013 and 10/22/2013_ .

    ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.

b. ☐ This action is made FINAL.

c. ☒ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire _2_ month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination
certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days
will be considered timely.

Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☐ Notice of References Cited by Examiner, PTO-892.    3. ☐ Interview Summary, PTO-474.

2. ☐ Information Disclosure Statement, PTO/SB/08.    4. ☐ _____.

Part II    SUMMARY OF ACTION

1a. ☒ Claims _1-7 and 28-33_ are subject to reexamination.

1b. ☒ Claims _8-27 and 34-41_ are not subject to reexamination.

2. ☐ Claims _____ have been canceled in the present reexamination proceeding.

3. ☐ Claims _____ are patentable and/or confirmed.

4. ☒ Claims _1-7 and 28-33_ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ The drawings, filed on _____ are acceptable.

7. ☐ The proposed drawing correction, filed on _____ has been (7a) ☐ approved (7b) ☐ disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All b) ☐ Some* c) ☐ None    of the certified copies have

    1 ☐ been received.

    2 ☐ not been received.

    3 ☐ been filed in Application No. _____ .

    4 ☐ been filed in reexamination Control No. _____.

    5 ☐ been received by the International Bureau in PCT application No. _____.

    * See the attached detailed Office action for a list of the certified copies not received.

9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal
matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D.
11, 453 O.G. 213.

10. ☐ Other: _____.

cc: Requester (if third party requester)

Application/Control Number: 90/013,016                                    Page 2

Art Unit: 3992

The present application is being examined under the pre-AIA first to invent provisions.

## DETAILED ACTION

1.      This Office action addresses claims 1-7 and 28-33 of United States Patent Number

7,647,633 B2 (Edery et al), for which it has been determined in the Order Granting Ex Parte

Reexamination (hereafter the "Order") mailed concurrently with this Office Action, that a

substantial new question of patentability was raised in the Request for *Ex Parte* reexamination

filed on 10/07/2013 (hereafter the "Request"). Claims 8-27 and 34-41 of the Edery '633 patent

are not subject to reexamination. This is a Non-Final Action.

### *Reexamination*

2.      The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving

Patent No. 7,647,633 B2 throughout the course of this reexamination proceeding. The third

party requester is also reminded of the ability to similarly apprise the Office of any such activity

or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282

and 2286.

3.      Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings

because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings

Application/Control Number: 90/013,016                                    Page 3
Art Unit: 3992

"will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in *ex parte*

reexamination proceedings are provided for in 37 CFR 1.550(c).

4.      In order to ensure full consideration of any amendments, affidavits or declarations, or

other documents as evidence of patentability, such documents must be submitted in response to

this Office action. Submissions after the next Office action, which is intended to be a final

action, will be governed by the requirements of 37 CFR 1.116, after final rejection and 37 CFR

41.33 after appeal, which will be strictly enforced.

### *References Submitted by Requester*

5.      The following three references have been cited as establishing a substantial new question

of patentability. See Order, mailed concurrently with this Non-Final Action.

- **Ji** – (U.S. Patent No. 5,983,348, filed 09/10/1997, published 11/09/1999)
- **Liu** – (U.S. Patent No. 6,058,482, filed 05/22/1998, published 05/02/2000)
- **Golan** – (U.S. Patent No. 5,974,549, filed 03/27/1997, published 10/26/1999)

### *Priority Determination*

6.      For purposes of this reexamination, as described in more detail in the Order (see: Order,

pp. 6-8), claims 1-7 and 28-33 of the Edery '633 patent are considered to have the following

effective filing dates:

Application/Control Number: 90/013,016                                          Page 4

Art Unit: 3992

    a.  Claims 1-3 and 28-33 are considered to have an effective filing date of 05/17/2000, the

        filing date of the 60/205,591 provisional application.

    b.  Claims 4-7 are considered to have an effective filing date of 05/17/2001, the filing date of

        the parent 09/861,229 continuation application.


## Claim Rejections

7.    The rejections below are confined to what has been deemed to be the best available art

from the Request. However, prior to conclusion of this reexamination proceeding, claims must

be patentable over all prior art cited in the Order granting reexamination in order to be

considered patentable or confirmed on the reexamination certificate. Certain combinations of the

references cited in the Request but not utilized in the current Office Action appear to be largely

cumulative to the teachings in the references as applied below.


### *Claim Rejections - 35 USC § 102*

8.    The following is a quotation of the appropriate paragraphs of pre-AIA 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

    A person shall be entitled to a patent unless –

    (b) the invention was patented or described in a printed publication in this or a foreign country or in
    public use or on sale in this country, more than one year prior to the date of application for patent in the
    United States.

    (e) the invention was described in (1) an application for patent, published under section 122(b), by
    another filed in the United States before the invention by the applicant for patent or (2) a patent granted
    on an application for patent by another filed in the United States before the invention by the applicant
    for patent, except that an international application filed under the treaty defined in section 351(a) shall

Application/Control Number: 90/013,016                                    Page 5

Art Unit: 3992

> have the effects for purposes of this subsection of an application filed in the United States only if the
> international application designated the United States and was published under Article 21(2) of such
> treaty in the English language.

9.      Claims 1-3 and 28-33 are rejected under pre-AIA 35 U.S.C. 102(e) as being anticipated

by **Ji** (U.S. Patent No. 5,983,348, filed 09/10/1997, published 11/09/1999).

        **-Regarding claims 1-3 and 28-33**, Ji teaches each and every limitation of the claims (see

the claim charts on pages 14-16 and 19-26 of the Request, which are hereby incorporated by

reference).

10.     Claims 4-7 are rejected under pre-AIA 35 U.S.C. 102(b) as being anticipated by **Ji** (U.S.

Patent No. 5,983,348, filed 09/10/1997, published 11/09/1999).

        **-Regarding claims 4-7**, Ji teaches each and every limitation of the claims (see the claim

charts on pages 16-19 of the Request, which are hereby incorporated by reference).

11.     Claims 1-3 are rejected under pre-AIA 35 U.S.C. 102(e) as being anticipated by **Liu**

(U.S. Patent No. 6,058,482, filed 05/22/1998, published 05/02/2000).

        **-In regard to independent claim 1**, Liu teaches a computer processor-based method,

comprising:

        receiving, by a computer, downloadable-information (Liu, *column 4, line 64-column 5,

line 2: "request for network information... is received by the remote server 110"; column 8, lines

8-15: "typically through remote server 110, the method determines whether the requested web

page has...one or more Java applet tags or other keywords designed to invoke or call executable

code"*)(*Fig. 3: 205 & 210*);

determining, by the computer, whether the downloadable-information includes
executable code (Liu, *column 4, line 66-column 5, line 16: "remote server 110 then determines
whether the requested network information should have...invoke executable code"; column 6,
lines 14-40; column 8, lines 8-15: "typically through remote server 110, the method determines
whether the requested web page has...one or more Java applet tags or other keywords designed
to invoke or call executable code"; column 9, lines 39-60: "providing additional security
functionality for executable code which may be downloaded...for any and all types of
downloadable, executable code")(Fig. 3: 210)*; and

based upon the determination, transmitting from the computer mobile protection code to
at least one information-destination of the downloadable-information, if the downloadable-
information is determined to include executable code (Liu, *column 5, lines 2-16: "When the
network information should have such keywords...the remote server 110 then generates the
requested network information with each included keyword having a distinctive reference...and
transmits the network information to the local end system"; column 8, lines 16-37: "generates an
applet tag having a new, distinctive or unique class name as the reference attribute...generates
and provides the requested web page with all of its applet tags having their respective new,
distinct (or unique) class names"; column 9, line 63-column 10, line 24)(Fig. 3: 220 & 235)*.


-**In regard to dependent claim 2**, Liu teaches wherein the receiving includes monitoring
received information of an information re-communicator (Liu, *column 4, line 51-column 5, line
2: "remote server 110")(Fig. 1: 65 & 110)*.

Application/Control Number: 90/013,016                                    Page 7
Art Unit: 3992

   **-In regard to dependent claim 3**, Liu teaches wherein the information re-communicator

is a network server (Liu, *column 4, line 51-column 5, line 2: "remote server 110 is typically part*

*of a remote server system"*).


12.    Claims 4 and 7 are rejected under pre-AIA 35 U.S.C. 102(b) as being anticipated by Liu

(U.S. Patent No. 6,058,482, filed 05/22/1998, published 05/02/2000).

   **-In regard to dependent claim 4**, Liu teaches wherein the determining comprises

analyzing the downloadable-information for an included type indicator indicating an executable

file type (Liu, *column 4, line 65-column 5, line 4: "determines whether the requested network*

*information should have one or more keywords...to invoke executable code"; column 6, lines 19-*

*57: "web page may include special or designated keywords which are designed to invoice, call*

*or specify a network programming language...an "applet" tag...an object tag"; column 9, lines*

*39-60: "context for any and all types of downloadable, executable code"*).


   **-In regard to dependent claim 7**, Liu teaches further comprising receiving, by the

computer, one or more executable code characteristics of executable code that is capable of

being executed by the information-destination, and wherein the determining is conducted in

accordance with the executable code characteristics (Liu, *column 4, line 65-column 5, line 4:*

*"determines whether the requested network information should have one or more keywords...to*

*invoke executable code"; column 6, lines 19-57: "web page may include special or designated*

*keywords which are designed to invoice, call or specify a network programming language...an*

Application/Control Number: 90/013,016                                          Page 8

Art Unit: 3992

*"applet" tag...an object tag...typically has required or desirable attributes"; column 9, lines 39-*

*60: "context for any and all types of downloadable, executable code"*).

### Alternate Rejections

### *Claim Rejections - 35 USC § 103*

13.     The following is a quotation of pre-AIA 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

(a) A patent may not be obtained though the invention is not identically disclosed or described as set
forth in section 102 of this title, if the differences between the subject matter sought to be patented and
the prior art are such that the subject matter as a whole would have been obvious at the time the
invention was made to a person having ordinary skill in the art to which said subject matter pertains.
Patentability shall not be negatived by the manner in which the invention was made.

14.     Claims 28-33 are rejected under pre-AIA 35 U.S.C. 103(a) as being unpatentable over **Ji**

(U.S. Patent No. 5,983,348, filed 09/10/1997, published 11/09/1999) in view of **Golan** (U.S.

Patent No. 5,974,549, filed 03/27/1997, published 10/26/1999).

-**Regarding claims 28-33**, the combination of Ji in view of Golan teaches each and every

limitation of the claims (see the claim charts on pages 41-46 (claim 28) and 22-26 (claims 29-33)

of the Request, which are hereby incorporated by reference). Regarding independent claim 28,

the Examiner further notes that it would have been obvious to one of ordinary skill in the art at

the time of the invention to modify the received single JAR archive file of Ji (Ji, *column 6, lines*

*38-51*) to implement the security monitor that executes the downloaded software component

(e.g., Java applet or ActiveX control) in a secure sandbox at the client location as taught in

Golan, because Golan taught that said described features provided the benefit for securing

Application/Control Number: 90/013,016                                    Page 9
Art Unit: 3992

untrusted and/or unknown software downloaded from an external source to a client (Golan, *column 1, lines 4-7: "securing untrusted and/or unknown software"; column 4, lines 58-61; column 5, lines 14-25: "secure sandbox enables untrusted ActiveX controls downloaded from the Internet to run within security limitations"*). The Ji reference further buttresses the combination by recognizing that the location of the static scanning and run-time monitoring distribution would be obvious to one of ordinary skill in the art based on the well-known benefits of client-server processing load distribution (Ji, *column 3, lines 1-15: "does not cause heavy load on the server...does not introduce significant performance overheard during the execution of the applets"*).

Further regarding dependent claim 32, the Examiner notes that the Golan reference also specifically teaches wherein modifying interfaces includes modifying interfaces of an import address table ("IAT") of a native code executable downloadable (Golan, *column 6, lines 13-30: "security monitor, in its initialization code, functions to modify the import tables of all the modules within the monitored application's address space"*). As similarly discussed in Ji (Ji, *column 7, lines 32-40: "extracts the class files from the JAR file...instruments the Java class files, e.g. by inserting monitoring instructions after each suspicious instruction"*), Golan teaches that modifying the IAT provides the benefit of allowing the interception of a specific set of API calls (Golan, *column 5, line 62-column 6, line 25: "can detect and prevent any attempt by the software component to breach security...monitoring all calls issued by the downloadable...component is permitted to execute freely while enforcing compliance with a predefined set of security rules"*). Therefore, it would have been obvious to one of ordinary skill in the art at the time of the invention for the interfaces of the import table of Ji to have been

Application/Control Number: 90/013,016                                    Page 10

Art Unit: 3992

modified as specifically taught in Golan, because Golan taught said modification provided the

benefit of being able to detect and prevent any attempt by the downloaded software component

to breach security (Golan, *column 5, line 62-column 6, line 25: "can detect and prevent any*

*attempt by the software component to breach security"*).

Application/Control Number: 90/013,016                                Page 11

Art Unit: 3992

### *Conclusion*

15.     All correspondence relating to this ex parte reexamination proceeding should be directed

as follows:


By U.S. Postal Service Mail to:

        Mail Stop Ex Parte Reexam
        ATTN: Central Reexamination Unit
        Commissioner for Patents
        P.O. Box 1450
        Alexandria, VA 22313-1450

By FAX to:

        (571) 273-9900
        Central Reexamination Unit

By hand to:

        Customer Service Window
        Randolph Building
        401 Dulany St.
        Alexandria, VA 22314


By EFS-Web:

        Registered users of EFS-Web may alternatively submit such correspondence via the
electronic filing system EFS-Web, at

        https://efs.uspto.gov/efile/myportal/efs-registered

        EFS-Web offers the benefit of quick submission to the particular area of the Office that
needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e.,
electronically uploaded) directly into the official file for the reexamination proceeding, which
offers parties the opportunity to review the content of their submissions after the "soft scanning"
process is complete.

Application/Control Number: 90/013,016                                      Page 12
Art Unit: 3992

Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be

directed to the Central Reexamination Unit at telephone number (571) 272-7705.


/Adam L Basehoar/

Primary Examiner, Art Unit 3992


Conferees:      /JSP/

        /Alexander J Kosowski/

        Supervisory Patent Examiner, Art Unit 3992



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/013,016 | 10/07/2013 | 7647633 | 382984/000006 | 9521 |

| | | |
|---|---|---|
| 115222            7590            11/19/2013 | EXAMINER | |
| Bey & Cotropia PLLC (Finjan Inc.) | | |
| 213 Bayly Court | BASEHOAR, ADAM L | |
| Richmond, VA 23229 | | |
| | ART UNIT | PAPER NUMBER |
| | 3992 | |
| | MAIL DATE | DELIVERY MODE |
| | 11/19/2013 | PAPER |

Please find below and/or attached an Office communication concerning this application or proceeding.

The time period for reply, if any, is set in the attached communication.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

RYAN W. COBB, DLA PIPER LLP (US)

401 B STREET

SUITE 1700

SAN DIEGO, CA 92101

**MAILED**

NOV 1 9 2013

**CENTRAL REEXAMINATION UNIT**

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/013,016*.

PATENT NO. *7647633*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/013,016 | 7647633 |
| | Examiner | Art Unit |
| | ADAM BASEHOAR | 3992 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed 07 October 2013 has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,    b)☒ PTO/SB/08,    c)☐ Other: _____

1. ☒    The request for *ex parte* reexamination is GRANTED.

RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐    The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

a) ☐  by Treasury check or,

b) ☐  by credit to Deposit Account No. _____, or

c) ☐  by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

| | |
|---|---|
| | |

cc:Requester ( if third party requester )

Application/Control Number: 90/013,016                                    Page 2
Art Unit: 3992

The present application is being examined under the pre-AIA first to invent provisions.


## DECISION

1.   A substantial new question of patentability (SNQ) affecting claims 1-7 and 28-33 of

United States Patent Number 7,647,633 B2 (Edery et al) is raised by the Request for *ex parte*

reexamination filed 10/07/2013.  Claims 8-27 and 34-41 of the Edery '633 patent are not subject

to reexamination.


### Waiver of Patent Owner's Statement

2.   During an interview on 10/22/2013, Patent Owner (PO) agreed to waive its right to file a

patent owner's statement under 35 U.S.C. 304 in the event reexamination was ordered.

Therefore, a first Office Action (see: Non-Final Action) on the merits accompanies this Order for

*ex parte* reexamination.


### References Cited in the Request

3.   A total of three references in various combinations have been asserted in the Request as

providing teachings relevant to the claims of the Edery '633 patent.  The proposed references

which make up the combinations are as follows:

- **Ji** – (U.S. Patent No. 5,983,348, filed 09/10/1997, published 11/09/1999)

- **Liu** – (U.S. Patent No. 6,058,482, filed 05/22/1998, published 05/02/2000)

Application/Control Number: 90/013,016                                        Page 3
Art Unit: 3992

- **Golan** – (U.S. Patent No. 5,974,549, filed 03/27/1997, published 10/26/1999)

Of the three references in the current filed Request, the Golan reference was cited and
actively applied in a rejection (see: Non-Final Rejection mailed 02/25/2009) during the prior
examination of the Edery '633 patent. The Ji reference was cited by the examiner (see: Notice of
References Cited mailed 02/25/2009) but was not discussed by the examiner or applied to any of
the claims in the prosecution history of the Edery '633 patent. The Liu reference was not
previously cited/discussed by the examiner or applied to any of the claims in the prosecution
history of the Edery '633 patent. Additionally, it is noted that both the Ji and Golan references
were referenced and generally described in the "Background of the Invention" section of the
Edery '633 patent (see: column 1, line 67-column 2, line 10).


**Identification of Every Claim for Which Reexamination is Requested**

4.      The three references cited above are discussed in the Request regarding claims 1-7 and
28-33 of the Edery '633 patent. Pages 2-12 of the Request details out proposed substantial new
questions of patentability in light of the various combinations of the three references cited above.


**Prosecution History**

5.      The Edery '633 patent was originally assigned serial number 11/159,455 and was filed on
06/22/2005 with pending numbered claims 1-7, 16-20, 28-34, 43, 46-51, 58-61, and 63-76. On

Application/Control Number: 90/013,016                                    Page 4
Art Unit: 3992

10/17/2005 a preliminary amendment was filed making amendments to the specification and
drawings of the Edery '455 application.

    A Non-Final Action was mailed 02/25/2009 rejecting all pending claims 1-7, 16-20, 28-
34, 43, 46-51, 58-61, and 63-76. Claims 1-7, 16-20, 28-34, 43, 46-51, 58-61, and 63-76 were
rejected on the ground of nonstatutory obviousness-type double patenting over claims 1-35 of
U.S. Patent No. 7,058,822. Claims 1, 2, 4-7, 16, 17, 19, 20, 28, 30-34, 46-51, 59, 61, and 63-76
were rejected under 35 U.S.C. 101 for being directed toward non-statutory subject matter that did
not fall within one of the four statutory categories of invention. Claims 1-7, 16-20, 28-34, 43,
46-51, 58-61, and 63-76 were also rejected under 35 U.S.C. 102(e) as being anticipated by Golan
(U.S. Patent No. 5,974,549).

    In response to the Non-Final Action, Applicant filed arguments with accompanying
amendments on 05/26/2009 amending claims 1, 7, 16, 28, 30, 47, 61, 68, 69, and 75 as well as
cancelling claims 29, 60, and 76. Additionally, a Terminal Disclaimer (TD) was concurrently
filed with said arguments/amendments disclaiming the terminal part of the statutory term of any
patent granted on the Edery '455 application which would extend beyond the expiration date of
the full statutory term of 7,058,822 patent. With regard to rejection under 35 U.S.C. 102(e) in
view of the Golan patent, Applicant's arguments generally stated:

    a.  "In distinction with the claimed invention, Golan does not describe the packaging of protection
code. Instead, Golan discusses a situation whereby a security monitor is already resident on a
client computer, as illustrated in FIGS. 2, 5 and 9 of Golan, without concerning itself as to how
the security monitor was installed. In fact, prima facie the methodology of the claimed invention,
of packaging mobile protection code with downloadable information, seems wasteful and
counter-intuitive, since such protection code is typically re-transmitted to the client computer
many times - in particular, each time a downloadable with executable code is downloaded.
However, the advantage of this methodology is control over the ability to customize the mobile
protection code and to update it as necessary, thus obviating the need for a user to be responsible
for ensuring that his security code be appropriate to his computer and up to date."; (see:
Remarks, p. 15)(emphasis added)

Application/Control Number: 90/013,016                                          Page 5
Art Unit: 3992

    b.  "Applicants respectfully submit that <u>Golan does not describe causing mobile protection</u>
       <u>code, which corresponds to Golan's security monitor, to be communicated</u>…'based upon
       the determination, <u>transmitting from the computer mobile protection code to at least one</u>
       <u>information-destination of the downloadable-information</u>, if the downloadable-
       information is determined to include executable code' is neither shown nor suggested in
       Golan, as explained hereinabove." (see: Remarks, p. 16)(emphasis added); and

    c.  "'<u>receiving a sandboxed package that includes mobile protection code ("MPC") and a</u>
       <u>Downloadable and one or more protection policies</u> at a computer at a Downloadable-
       destination' is neither shown nor suggested in Golan....Applicants respectfully submit
       that, although Golan does describe a sandbox, the limitation of <u>a sandboxed package that</u>
       <u>includes mobile protection code and a Downloadable and one or more protection policies</u>
       <u>does not appear at the locations cited</u>." (see: Remarks, pp. 18-19)(emphasis added)

      In response to the arguments, amendments, and the approved Terminal Disclaimer, the

examiner then mailed a Notice of Allowability on 06/26/2009. The Notice of Allowability

indicating that all pending claims 1-7, 16-20, 28, 30-34, 43, 46-51, 58, 59, 61, and 63-75

(renumbered claims 1-41) were allowed. However, the Notice of Allowability did not include a

specific examiner's statement of reasons for allowance. On 07/02/2009, Applicant filed a

Request for Continued Examination (RCE) which included an Information Disclosure Statement

(IDS) for consideration by the Office. On 07/23/2009 the examiner mailed a subsequent Notice

of Allowability which indicated that the IDS had been considered as well as again indicating that

all pending claims 1-7, 16-20, 28, 30-34, 43, 46-51, 58, 59, 61, and 63-75 were allowed.

      While no specific reasons for allowance was given by the examiner, the prosecution

history appears to indicate at least the following limitations to have been considered the

allowable features:

      (1) Limitations directed toward a computer (e.g., a server) transmitting mobile protection

code to an information-destination (e.g., a client computer) of the downloadable-information.

Application/Control Number: 90/013,016                                    Page 6
Art Unit: 3992

    (2) Limitations directed toward receiving a sandboxed package which includes mobile

protection code, a Downloadable, and one or more protection policies at a computer at a

Downloadable-destination.


### Priority Determination

6.       The Edery '633 patent is a continuation of application 09/861,229 (now U.S. Patent No.

7,058,822), filed 05/17/2001, which claims benefit to provisional application 60/205,591, filed

on 05/17/2000. The Edery '633 patent also claims benefit as a continuation-in-part ("CIP") of

application 09/551,302 (now U.S. Patent No. 6,480,962), filed on 04/18/2000, as well as a

continuation-in-part of application 09/539,667 (now U.S. Patent No. 6,804,780), filed

03/20/2000. The Request (see: Pages 12-13) asserts that various limitations of the claims of the

Edery '633 patent are not supported by the specifications of the parent '302 and '667

continuation-in-part applications, and thus are not entitled to the priority benefit of either the

'302 application's 04/18/2000 filing date or '667 application's 03/20/2000 filing date. It is noted

that the Request separately asserts that claims 1-7 and 28-33 of the Edery '633 patent should

only receive the benefit of priority to the 05/17/2001 filing date of the parent '229 continuation

application (see: Request, pp. 12-13) or no earlier than the 05/17/2000 filing date (see: Request,

p. 14).

    For example, the following limitations of independent claims 1 and 28 are allegedly not

supported (see: Request, p. 13) by the '302 and '667 CIP applications:

Application/Control Number: 90/013,016                                          Page 7
Art Unit: 3992

"determining...whether the <u>downloadable-information includes executable</u>
<u>code</u>...transmitting...<u>mobile protection code</u> to at least one information-destination" (claim
1)(emphasis added); and

"receiving a <u>sandboxed package</u> that includes <u>mobile protection code ("MPC") and a</u>
<u>Downloadable and one or more protection policies</u> at a computer" (claim 28)(emphasis added).

The Request provides a reasoned basis as to why the parent '302 and '667 CIP
applications do not provide sufficient support for the identified claim limitations. The '302 and
'667 CIP applications appear to be completely silent on teaching or suggesting the transmission
of mobile protection code from a server computer to a client computer when it is determined that
downloadable-information includes executable code. The '302 and '667 CIP applications also
appear to be completely silent on teaching or suggesting a client computer receiving a sandboxed
package that includes mobile protection code, a Downloadable, and one or more protection
policies. Therefore, for reexamination purposes independent claims 1 and 28 as well as
dependent claims 2-7 and 29-33 (via dependency) are considered not to be adequately supported
by the parent '302 and '667 CIP applications.

It is noted that support for similarly related limitations (e.g., executable code
characteristics, file type indicators, information patterns, import address table ("IAT"), filter-
driver, etc.) of dependent claims 2-7 and 29-33 are also called into question (see: Request, p. 13).
The Examiner notes that the parent '229 continuation application appears to fully support all of
the above noted claim limitations with regard to claims 1-7 and 28-33. Additionally, the
Examiner notes that the '591 provisional application appears to fully support and enable

Application/Control Number: 90/013,016                                    Page 8
Art Unit: 3992

independent claims 1 and 28, as well as dependent claims 2-3 and 29-33. However, the '591

provisional application does not appear to provide sufficient support for dependent claims 4-7.

The '591 provisional application appears to be completely silent on how the server computer

detects whether downloadable-information includes executable code. More specifically the '591

provisional application is silent on the specific detection process requiring, for example, "type

indicator...file type", "type detector...archive file", "file type indicator...information pattern",

and "executable code characteristics" as required by dependent claims 4-7 (see: '591 provisional

application, pp. 1 and 4: "Static scanning at the network server level...identifies application

programs"; "the server detects an executable being downloaded or received"). Therefore, for

reexamination purposes independent claims 1 and 28 as well as dependent claims 2-3 and 29-33

are considered to be adequately supported by the parent '229 continuation application and its

corresponding '591 provisional application and are thus considered in this reexamination to have

an effective date of 05/17/2000, the filing date of the '591 provisional application. Dependent

claims 4-7 are only considered to be adequately supported by the parent '229 continuation

application and are considered in this reexamination to have an effective date of 05/17/2001, the

filing date of the '229 application.


## Substantial New Question (SNQ) of Patentability

7.      For purposes of determination, independent claims 1 and 28 are used as representative

claims for the proposed rejections in the Request. The italicized/bolded sections of independent

claims 1 and 28 below are utilized by the examiner to show how specific teachings of the

Application/Control Number: 90/013,016                                     Page 9
Art Unit: 3992

proposed references create a substantial new question of patentability in light of the original

prosecution history as discussed above.

### Claim 1:

1. A computer processor-based method, comprising:

receiving, by a computer, downloadable-information;

determining, by the computer, whether the downloadable-information includes

executable code; and

based upon the determination, *transmitting from the computer mobile protection code to*

*at least one information-destination of the downloadable-information, if the downloadable-*

*information is determined to include executable code.*

### Claim 28:

28. A processor-based method, comprising:

*receiving a sandboxed package that includes mobile protection code ("MPC") and a*

*Downloadable and one or more protection policies at a computer at a Downloadable-*

*destination;*

causing, by the MPC on the computer, one or more operations attempted by the

Downloadable to be received by the MPC;

receiving, by the MPC on the computer, an attempted operation of the Downloadable;

and

Application/Control Number: 90/013,016                                    Page 10
Art Unit: 3992

    initiating, by the MPC on the computer, a protection policy corresponding to the

attempted operation.


## Discussion of References that Raise a SNQ

8.      All of the proposed references raise a substantial new question as noted below:


## Ji

9.      The Ji reference discloses a client-server networked system for security checking

application programs (e.g., Java applets or Active X controls) received over the Internet. Ji

specifically teaches detecting application programs by a scanner on a server, packaging an

instrumented version of said detected application program with pre/post filter and monitoring

package security policy functions into a single JAR file at said server, and downloading said

single JAR file to the client machine to be monitored and executed by the client's web browser

(see: Ji, column 3, lines 6-44; column 4, line 66-column 5, line 26; column 6, lines 38-52;

column 7, lines 40-48; column 8, line 4-15)(Figs. 1 & 2).

    The Request (see: Request, pp. 2 & 7-10) shows that Ji appears to disclose, for

independent claims 1 and 28:

    (claim 1) *transmitting from the computer mobile protection code to at least one*

*information-destination of the downloadable-information, if the downloadable-information is*

*determined to include executable code* (see: Ji, column 3, lines 25-52: "applets are statically

scanned at the sever by the scanner looking for particular instructions...the instrumented applet

Application/Control Number: 90/013,016                                        Page 11
Art Unit: 3992

is then downloaded from the server to the client...delivering what is referred to as a 'live agent'

(e.g., a security monitoring package)"; column 5, lines 1-4; column 6, lines 38-42: "pre and post

filter and monitoring package security policy functions) are combined with the instrumented

applet code...at the server...and downloaded to the web browser in client machine"); and

   (claim 28) *receiving a sandboxed package that includes mobile protection code*

*("MPC") and a Downloadable and one or more protection policies at a computer at a*

*Downloadable-destination* (see: Ji, column 6, lines 38-42: "pre and post filter and monitoring

package security policy functions) are combined with the instrumented applet code in a single

JAR (Java archive) file format at the server, and downloaded to the web browser in client

machine"; column 7, lines 41-48: "the monitor package contains monitoring functions that are

delivered from the server to the client web browser with the instrumented applet...It also contains

a security policy checker...to determine whether the applet being scanned violates the security

policy, given the monitoring information.").

   The Ji reference was cited by the examiner on a Notice of References Cited during the

prior examination of the Edery '633 patent. However, the Ji reference was not previously

discussed or applied in a rejection to the Edery '633 patent during prior examination. The

existence of a substantially new question of patentability is not specifically precluded by the fact

that a patent or printed publication was previously cited by or to the Office or considered by the

Office.

   It is agreed that the consideration of the Ji reference raises a SNQ as to representative

independent claims 1 and 28 of the Edery '633 patent as pointed out above. There is a

substantial likelihood that a reasonable examiner would consider these teachings important in

deciding whether or not these claims are patentable.

Accordingly, the consideration of the Ji reference raises a substantial new question of

claims 1-7 and 28-33, which question has not been decided in a previous examination of the

Edery '633 patent nor was there a final holding of invalidity by the Federal Courts regarding the

Edery '633 patent.


### Liu and Golan


10.      The Liu reference teaches a system for providing network security for downloadable and

executable Java programming language bytecode (see: Liu, Abstract). Liu specifically teaches

the concept of executing downloaded code as a sandboxed package (see: Liu, column 2, lines 19-

41: "the "Java sandbox"...prevents an untrusted or potentially malicious applet (downloaded to

the local end system from a remove web server) from reading, writing, or executing private

resources, such as the local hard drive"; column 7, lines 5-14). The Golan reference generally

teaches a security monitor system for executing downloaded software components in a secure

manner. Golan more specifically teaches injecting a security monitor in an arbitrary application

whereby for every software component (e.g., Java, ActiveX, plugin, etc.) downloaded by said

application, the security monitor creates a secure sandbox around the software component before

it can execute (see: Golan, column 2, lines 12-38; column 4, lines 51-62; column 5, lines 15-25).

These two references are cited in the Request (see: Request, pp. 2 & 10-12) as references used in

combination with the Ji reference, as disclosed above, to read on at least independent claims 1

Application/Control Number: 90/013,016                                     Page 13

Art Unit: 3992

and 28. In light of the SNQ raised in view of the Ji reference above, the Liu and Golan

references also raise an SNQ at least in view of dependency.

The Liu reference was not of record in the prior examination and thus was not previously

discussed by the examiner nor applied to any of claims in the prior examination. The Golan

reference was actively considered and used in a rejection during prior examination of the Edery

'633 patent. However, Golan was not considered in combination with the prior art Ji reference

as cited/described in the Request. Thus Golan is being presented/viewed in a different way as

compared with the earlier examination. The existence of a substantial new question of

patentability is not specifically precluded by the fact that a patent or printed publication was

previously cited by or to the Office or considered by the Office.

It is agreed that the consideration of the Liu and Golan references in combination with

the Ji reference raises a SNQ as to claims 1 and 28 of the Edery '633 patent as pointed out above.

There is a substantial likelihood that a reasonable examiner would consider these teachings

important in deciding whether or not these claims are patentable.

Accordingly, the Liu and Golan references in combination with the Ji reference raises a

substantial new question, which question has not been decided in a previous examination of the

Edery '633 patent nor was there a final holding of invalidity by the Federal Courts regarding the

Edery '633 patent.

## Scope of Reexamination

11.     Claims 1-7 and 28-33 **will be** reexamined as requested in the Request. Claims 8-27 and

34-41 **are not** subject to reexamination.

Application/Control Number: 90/013,016                                    Page 14
Art Unit: 3992

### *Conclusion*

12.     Extensions of time under 37 CFR 1.136(a) will not be permitted in these proceedings

because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a

reexamination proceeding. Additionally, 35 U.S.C. 305 requires that reexamination proceedings

"will be conducted with special dispatch" (37 CFR 1.550(a)). Extension of time in *ex parte*

reexamination proceedings are provided for in 37 CFR 1.550(c).

        The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to

apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving

Patent No. 7,647,633 throughout the course of this reexamination proceeding. The third party

requester is also reminded of the ability to similarly apprise the Office of any such activity or

proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282

and 2286.

        All correspondence relating to this ex parte reexamination proceeding should be directed

as follows:

By U.S. Postal Service Mail to:

        Mail Stop Ex Parte Reexam
        ATTN: Central Reexamination Unit
        Commissioner for Patents
        P.O. Box 1450
        Alexandria, VA 22313-1450

By FAX to:

        (571) 273-9900
        Central Reexamination Unit

By hand to:

Application/Control Number: 90/013,016                                    Page 15

Art Unit: 3992

     Customer Service Window
     Randolph Building
     401 Dulany St.
     Alexandria, VA 22314

By EFS-Web:

     Registered users of EFS-Web may alternatively submit such correspondence via the
electronic filing system EFS-Web, at

     https://efs.uspto.gov/efile/myportal/efs-registered

     EFS-Web offers the benefit of quick submission to the particular area of the Office that
needs to act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e.,
electronically uploaded) directly into the official file for the reexamination proceeding, which
offers parties the opportunity to review the content of their submissions after the "soft scanning"
process is complete.

     Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be

directed to the Central Reexamination Unit at telephone number (571) 272-7705.


/Adam L Basehoar/

Primary Examiner, Art Unit 3992


Conferees:     /JSP/

/Alexander J Kosowski/

Supervisory Patent Examiner, Art Unit 3992

Receipt date: 10/07/2013
Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

90013016 - GAU: 3992
PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Not for submission under 37 CFR 1.99) | Application Number | |
| --- | --- | --- |
| | Filing Date | 2013-10-07 |
| | First Named Inventor | Yigal Mordechai Edery |
| | Art Unit | 3992 |
| | Examiner Name | Adam L Basehoar |
| | Attorney Docket Number | 382984-000006 |

| **U.S.PATENTS** | | | | | |
| --- | --- | --- | --- | --- | --- |
| Examiner Initial* | Cite No | Patent Number | Kind Code[1] | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | 5983348 | | 1999-11-09 | Ji | |
| | 2 | 6058482 | | 2000-05-02 | Liu | |
| | 3 | 5974549 | | 1999-10-26 | Golan | |

If you wish to add additional U.S. Patent citation information please click the Add button.

| **U.S.PATENT APPLICATION PUBLICATIONS** | | | | | |
| --- | --- | --- | --- | --- | --- |
| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

| **FOREIGN PATENT DOCUMENTS** | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2] i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
| | 1 | | | | | | | ☐ |

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /AB/

| Receipt date: 10/07/2013 | Application Number | | 90013016 - GAU: 3992 |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Not for submission under 37 CFR 1.99) | Filing Date | | 2013-10-07 |
| | First Named Inventor | Yigal Mordechai Edery | |
| | Art Unit | | |
| | Examiner Name | | |
| | Attorney Docket Number | | 382984-000006 |

If you wish to add additional Foreign Patent Document citation information please click the Add button

## NON-PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T5 |
|---|---|---|---|
| | 1 | | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

## EXAMINER SIGNATURE

| Examiner Signature | /Adam Basehoar/ | Date Considered | 10/23/2013 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through a citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1]See Kind Codes of USPTO Patent Documents at www.USPTO.GOVor MPEP 901.04. [2]Enter office that issued the document, by the two-letter code (WIPO Standard ST.3). [3]For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [4]Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [5]Applicant is to place a check mark here if English language translation is attached.

ALL REFERENCES CONSIDERED EXCEPT WHERE LINED THROUGH. /AB/



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/013,016 | 10/07/2013 | 7647633 | 382984-000006 | 9521 |

| | | |
|---|---|---|
| 115222 7590 11/19/2013 | EXAMINER | |
| Bey & Cotropia PLLC (Finjan Inc.) | BASEHOAR, ADAM L. | |
| 213 Bayly Court | | |
| Richmond, VA 23229 | ART UNIT | PAPER NUMBER |
| | 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 11/19/2013 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.