UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FIREEYE, INC., a Delaware Corporation,<br><br>Defendant. | Case No: C 13-03133 SBA<br><br>**ORDER GRANTING MOTION TO STAY PENDING REEXAMINATION**<br><br>Docket 28 |

Plaintiff Finjan, Inc. ("Plaintiff") brings the instant patent infringement action against Defendant FireEye, Inc. ("Defendant") alleging infringement of U.S. Patent Nos. 6,804,780 ("the '780 Patent"), 8,079,086 ("the '086 Patent"), 7,975,305 ("the '305 Patent"), 8,225,408 ("the '408 Patent"), 7,058,822 ("the '822 Patent"), 7,647,633 ("the '633 Patent"), and 6,154,844 ("the '844 Patent") (collectively, "patents-in-suit").[1] See Compl, Dkt. 1. The parties are presently before the Court on Defendant's motion to stay pending reexamination of the '822 Patent, the '633 Patent, and the '086 Patent (collectively, "reexamination patents") by the United States Patent and Trademark Office ("PTO"). Dkt. 28. Plaintiff opposes the motion. Dkt. 37. Having read and considered the papers filed in

---

[1] The first amended complaint ("FAC") alleges that Plaintiff "was a pioneer in . . . developing proactive security technologies capable of detecting previously unknown and emerging online security threats recognized under the umbrella of 'malware.' These technologies protect networks and endpoints by identifying suspicious patterns and behaviors of content delivered over the Internet." FAC ¶ 6. The FAC further alleges that Plaintiff built and sold software and appliances for network security using its patented technologies. Id. ¶ 7. It is undisputed that the patents-in-suit involve technology concerning systems and methods for protecting network devices from undesirable "hostile" downloads.

connection with this matter and being fully informed, the Court hereby GRANTS Defendant's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **LEGAL STANDARD**

A district court has the discretion to stay judicial proceedings pending reexamination of a patent. Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008). In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Spectros Corp. v. Thermo Fisher Scientific, Inc., 2010 WL 338093, at *2 (N.D. Cal. 2010) (Armstrong, J.). A trial court's order staying an infringement suit pending the completion of reexamination proceedings is not appealable. See Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983), cert. denied, 464 U.S. 935 (1983).

II. **DISCUSSION**

A. **Stage of the Litigation**

The first factor examines "whether discovery is complete and whether a trial date has been set." There is a liberal policy in favor of granting motions to stay proceedings pending reexamination of a patent, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. Yodlee, Inc. v. Ablaise Ltd., 2009 WL 112857, at *2 (N.D. Cal. 2009) (Armstrong, J.). Here, the stage of the litigation factor weighs in favor of a stay. The instant motion was brought shortly after the complaint was filed. The fact that the stay is being sought at such an early stage of the litigation when there has been limited discovery, no substantive proceedings have taken place, and no pretrial or trial deadlines have been established, militates in favor of a stay. See Ho Keung Tse v. Apple Inc., 2007 WL 2904279, at *2-3 (N.D. Cal. 2007) (Armstrong, J.) ("A stay is particularly appropriate for cases in the initial stages of litigation or in which there has been

little discovery."); <u>KLA-Tencor Corp. v. Nanometrics, Inc.</u>, 2006 WL 708661, at *2 (N.D. Cal. 2006) (granting stay where discovery had just begun); <u>Target Therapeutics, Inc. v. SciMed Life Sys., Inc.</u>, 1995 WL 20470, at *2 (N.D. Cal. 1995) (holding that the absence of significant discovery or substantial expense and time invested in the litigation weighed in favor of stay); <u>ASCII Corp. v. STD Entm't USA, Inc.</u>, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994) (granting stay where the parties had undertaken little or no discovery).

### B. Simplification of the Issues and Trial

The second factor examines "whether a stay will simplify the issues in question and trial of the case." As explained by the Federal Circuit: "[o]ne purpose of the reexamination procedure is to eliminate trial of [an] issue (when [a] claim is canceled) or to facilitate trial. . . by providing the district court with the expert view of the . . . PTO . . . when a claim survives the reexamination proceeding." <u>Gould</u>, 705 F.2d at 1342; <u>see</u> <u>also</u> <u>Ho Keung Tse</u>, 2007 WL 2904279, at *3 ("Waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims.").

Here, the PTO has granted Defendant's request for *ex parte* reexamination of claims 1-7 and 28-33 of the '633 Patent. Dkt. 52-1. The PTO has also granted Defendant's request for *ex parte* reexamination of claims 1-8 and 16-27 of the '822 Patent. Dkt. 52-2. While the PTO has denied Defendant's request for *ex parte* reexamination of claims 1-8, 17-23, 31, 32, 35, 36, 39 and 41 of the '086 Patent, Defendant has filed a second request for *ex parte* reexamination of these claims. See Dkt. 52, Dkt. 52-3. The Court finds that if the PTO cancels or narrows any of the asserted claims of the reexamination patents, the scope of this litigation may be simplified, particularly since the FAC specifically alleges infringement of the patent claims which the PTO has agreed to reexamine. See FAC ¶ 127, 148. See <u>AT & T Intellectual Property I v. Tivo, Inc.</u>, 774 F.Supp.2d 1049, 1053 (N.D. Cal. 2011) (Armstrong, J.); <u>Ho Keung Tse</u>, 2007 WL 2904279, at *3. The statistics proffered by Defendant show that it is quite likely that the reexamination process will alter in some respect the claims of the patents in which the PTO has granted reexamination.

When the PTO decides a patent should undergo *ex parte* reexamination, it cancels all claims in approximately 11% of all reexaminations and modifies claims in approximately 67% of all reexaminations. Krause Decl., Exh. 6, Dkt. 29. In other words, in 78% of all *ex parte* reexaminations, the PTO either cancels or modifies the claims at issue. Thus, waiting for the outcome of the reexamination proceedings could eliminate the need for trial or claim construction on some or all of the asserted patent claims, or, if the claims survive reexamination, simplify the litigation by providing the Court with the opinion of the PTO and clarifying the scope of the claims. Ho Keung Tse, 2007 WL 2904279, at *3 (citing cases); see also Microsoft Corp. v. Tivo Inc., 2011 WL 1748428, at *4 (N.D. Cal. 2011).

Given the early stage of the litigation, the Court is unfamiliar with the technology at issue in this case. Thus, regardless of the outcome of the reexamination proceedings, the Court's interest in simplifying the proceedings by waiting for the PTO to reexamine the asserted claims of the reexamination patents weighs in favor of granting a stay. If the PTO finds that some or all of the asserted claims of the reexamination patents are invalid or subject to modification, the Court will have wasted judicial resources and the parties will have unnecessarily expended funds addressing invalid claims or claims subsequently modified during reexamination. Ho Keung Tse, 2007 WL 2904279, at *4. On the other hand, if the PTO upholds the validity of the asserted claims, this is strong evidence that the court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence. Id. Moreover, the PTO's expert opinion will provide guidance for the Court on the pertinent issues. Therefore, it is likely that the reexamination proceedings will at least streamline this case, thereby conserving the resources of the parties and promoting the interests of judicial economy. Furthermore, the granting of a stay will avoid the possibility of inconsistent results. See Microsoft, 2011 WL 1748428, at *5 (noting that since it is possible that this Court and the PTO could reach inconsistent conclusions regarding the same patent, there is a significant concern of wasting resources by proceeding forward) (quotation marks omitted). Accordingly, this factor weighs in favor of a stay.

## C. Prejudice and Tactical Concerns

The third factor examines "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Plaintiff contends that the delay in *ex parte* reexamination proceedings is itself prejudicial, noting that the reexamination process could take almost five years which could cause loss of key evidence and fading of memories. However, the prejudice claimed by Plaintiff applies to any case in which reexamination is sought. It is for that reason that courts have refused to find undue prejudice based solely on delay caused by the reexamination process. See A T & T Intellectual Property I, 774 F.Supp.2d at 1054 (citing cases). Moreover, parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework. Id. Here, Defendant is legally entitled to invoke the reexamination process, and the PTO has agreed to reexamine at least two of the patents-in-suit. Id.

Because the delay inherent in the reexamination process does not constitute undue prejudice, courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent. AT & T Intellectual Property I, 774 F.Supp.2d at 1054. In this regard, Defendant has not unduly delayed in seeking reexamination. Defendant filed its requests for *ex parte* reexamination approximately three months after the complaint was filed. See Ho Keung Tse, 2007 WL 2904279, at *4 (finding no dilatory motive when defendants filed their request for reexamination three months after they served their invalidity contentions). This is not the type of case where reexamination was sought on the eve of trial or after protracted discovery. See Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc., 2007 WL 1655625, at *4 (N.D. Cal. 2007) (parties should not be permitted to abuse the reexamination process by applying for reexamination after protracted, expensive discovery or trial preparation).

To the extent Plaintiff suggests that Defendant's decision to request *ex parte* reexamination instead of the new *inter partes* review proceeding[2] demonstrates that Defendants are purposefully seeking to delay this case, the Court finds that Plaintiff has failed to show that Defendant requested *ex parte* reexamination or filed the instant motion for the purpose of delaying this action. Nor has Plaintiff shown that a stay would subject it to a clear tactical disadvantage. As noted above, Defendant is legally entitled to invoke the reexamination process. The fact that Defendant has done so does not in and of itself suggest a dilatory motive. There is simply no evidence suggesting that Defendant requested *ex parte* reexamination as a dilatory tactic or that a stay would present a clear tactical disadvantage to Plaintiff. Further, Plaintiff has proffered no evidence showing that the *ex parte* reexamination process will take significantly longer than the new *inter partes* review process. See Internet Patents Corporation v. eBags, Inc., 2013 WL 4609533, at *5 (N.D. Cal. 2013) (Armstrong, J.) (noting that the evidence before the Court showed that the average *ex parte* reexamination pendency (filing date to certificate issue date) is 25.4 months and the median pendency is 19.6 months, while the new *inter partes* review process (filing date to certificate issue date) is normally required to be completed within a year after the PTO notices the institution of a review, but could take up to 24 months to complete before any appeal is filed).

Finally, Plaintiff argues that Defendant's continued infringement of its patents during the course of a stay will cause it to suffer serious harm. The Court finds that Plaintiff cannot legitimately claim any prejudice resulting from a stay. Plaintiff does not dispute Defendant's contention that it does not practice its own patents. Indeed, according to Plaintiff, it is "recognized internationally as a leader in security with a significant portfolio of patents and technology it has successfully licensed to major software and technology companies around the world." Plaintiff further states that, since 2005, one of its

---

[2] Effective September 16, 2012, the Leahy-Smith America Invents Act amended the *inter partes* reexamination process and renamed it the *inter partes* review process. See Universal Electronics, Inc. v. Universal Remote Control, Inc., 943 F.Supp.2d 1029-1030 (C.D. Cal. 2013) (discussing the new *inter partes* review process).

primary sources of revenue is from the licensing of its innovative technology and intellectual property. "Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement." See Pragmatus AV, LLC v. Facebook, Inc., 2011 WL 4635512, at *3 (N.D. Cal. 2011) (quoting Implicit Networks Inc. v. Advanced Micro Devices, Inc., 2009 WL 357902, at *3 (W.D. Wash. 2009) (citing cases)).

In sum, because Plaintiff has not shown that it will be unduly prejudiced or that it will be subject to a clear tactical disadvantage if a stay is imposed, the Court finds that this factor weighs in favor of a stay.

### D. Whether a Stay of the Entire Case is Warranted

Having determined that the relevant factors militate in favor of staying this case pending reexamination proceedings, the remaining question is whether a stay of the entire case is warranted. When there are overlapping issues between the reexamined patents and other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted. See Sonics, Inc. v. Arteris, Inc., 2013 WL 503091, at *3 (N.D. Cal. 2013) (Armstrong, J.); KLA-Tencor, 2006 WL 708661, at *4; Methode Elec., Inc. v. Infineon Technologies Corp., 2000 WL 35357130, at *3 (N.D. Cal. 2000).

Defendant contends that staying the entire case is warranted because such a stay will simplify discovery, claim construction proceedings, and trial. In support of its position, Defendant asserts that the non-reexamination patents involve the same technology as the reexamination patents, all of the patents-in-suit (except for the '844 Patent) share a common ancestry, Plaintiff has accused the same products of infringing all of the patents-in-suit, and there are overlapping inventors between the non-reexamination patents and the reexamination patents. Defendant further asserts that, "[g]iven the significant overlap among all of the patents, it makes little sense to move forward on a subset of the patents, only to have the reexamination alter the course of discovery and claim construction proceedings. And conducting the litigation in piecemeal fashion would mean two (or more) discovery periods, two (or more) sets of claim construction proceedings and two (or more)

trials." In response, Plaintiff argues that this case should not be stayed pending reexamination, either partially or entirely, because such a stay will not simplify the issues in question as Defendant has only sought reexamination of three of the seven patents-in-suit. In addition, Plaintiff argues that the claims of the non-reexamination patents are significantly different from the claims of the reexamination patents in that they involve distinct technologies, and therefore will not be subject to the same prior art or invalidity arguments and will involve different claim construction and infringement issues. Finally, Plaintiff argues that a stay is not warranted because a high degree of overlap with respect to the inventors does not exist as only one inventor overlaps between the reexamination patents and the non-reexamination patents.

While Plaintiff argues that reexamination patents involve distinct technologies than the non-reexamination patents, Plaintiff does not dispute that the patents-in-suit all involve the same anti-malware technology and share a common ancestry. Further, it is undisputed that Plaintiff accuses the same products of infringing all of the patents-in-suit, and that one of the named inventors overlaps between the reexamination patents and the non-reexamination patents. Given the overlapping issues between the reexamination patents and the non-reexamination patents, and given Plaintiff's failure to show that it will suffer any undue prejudice from a stay or that a stay will not simplify the issues in question, the Court finds that a stay of the entire case is warranted. Such a stay will streamline and simplify the issues in question, which serves the interest of judicial economy. Further, a stay of the entire case will also reduce the burden of litigation on the parties and promote efficiency. The Court finds that staying the case only as to the reexamination patents is inappropriate. Proceeding in such a piecemeal fashion will result in duplicative discovery and require the time and expense of educating a judge and jury twice on similar technology. Accordingly, the Court concludes that a stay of the entire case pending reexamination proceedings is warranted.

### III. <u>CONCLUSION</u>

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to stay pending reexamination is GRANTED. This action is STAYED pending final exhaustion of the reexamination proceedings.

2. The Clerk shall ADMINISTRATIVELY CLOSE the file.

3. The parties are instructed to submit status reports to the Court every six (6) months, apprising the Court of the status of the reexamination proceedings.

4. Upon final exhaustion of the reexamination proceedings, the parties shall jointly submit to the Court, within two (2) weeks, a letter requesting that this action be reopened and a case management conference be scheduled.

5. This Order terminates Docket 28. The Clerk shall terminate any pending matters.

IT IS SO ORDERED.

Dated: 5/30/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge