UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>FIREEYE, INC., a Delaware Corporation,<br><br>    Defendant. | Case No: C 13-03133 SBA<br><br>**ORDER DENYING RENEWED MOTION TO STAY AND REOPENING THE CASE**<br><br>Dkt. 81 |

    Plaintiff Finjan, Inc. ("Finjan") brings the instant patent infringement action against Defendant FireEye, Inc. ("FireEye"), alleging infringement of U.S. Patent Nos. 6,804,780 ("the '780 patent"), 8,079,086 ("the '086 patent"), 7,975,305 ("the '305 patent"), 8,225,408 ("the '408 patent"), 7,058,822 ("the '822 patent"), 7,647,633 ("the '633 patent"), and 6,154,844 ("the '844 patent") (collectively, the "patents-in-suit"). First Am. Compl. ("FAC"), Dkt. 11. The Court previously stayed the action pending reexamination with respect to certain of those patents.

    The parties are presently before the Court on FireEye's renewed motion to stay the action pending ex parte reexamination and in partes review of several of the patents-in-suit. Dkt. 81. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Defendant's motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Finjan brought the instant infringement action on July 8, 2013, and filed the operative First Amended Complaint on August 16, 2013. Dkt. 1, 11. On September 3, 2013, FireEye filed an Answer and Counterclaim, seeking a declaratory judgment of non-infringement and invalidity as to each of the patents-in-suit. Dkt. 13.

Shortly thereafter, FireEye filed requests with the Patent and Trademark Office ("PTO") for ex parte reexamination of the '086, '822, and '633 patents. On October 7, 2013, FireEye moved to stay this action pending resolution of the reexamination proceedings. Dkt. 28. The Court granted FireEye's motion and administratively closed the case. Order Granting Mot. to Stay Pending Reexam. ("Initial Stay Order"), Dkt. 72.

In September 2016, the parties filed a Joint Status Report notifying the Court that the aforementioned reexamination proceedings have concluded. Dkt. 79. However, in the same filing, FireEye notified the Court that four of the seven patents-in-suit are the subject of additional proceedings before the PTO. Id. Thereafter, FireEye filed the instant motion to continue the stay of this action pending resolution of the additional proceedings before the PTO. Dkt. 81. Finjan opposes the motion. Dkt. 82.

On March 22, 2017, Finjan also filed a Statement of Recent Decisions, notifying the Court of decisions in several of the additional PTO proceedings. Dkt. 85.

## II. LEGAL STANDARDS

A district court has inherent power to stay judicial proceedings pending the review or reexamination of a patent by the PTO. Proctor & Gamble Co. v. Kraft Foods Glob., Inc., 549 F.3d 842, 849 (Fed. Cir. 2008) (citing Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1427 (Fed. Cir. 1988)). In deciding whether to stay a patent infringement action pending the resolution of proceedings before the PTO, courts in this district consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. PersonalWeb Techs., LLC v. Apple Inc., 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014) (citations omitted).

## III. DISCUSSION

### A. STAGE OF THE LITIGATION

The first factor for the Court's consideration is the stage of the litigation. Courts may consider: (1) whether the parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date. Personal Web Techs., LLC, 69 F. Supp. 3d at 1025-26 (citations omitted). A stay is particularly appropriate in cases that are still in the initial stages of litigation and where there has been little or no discovery. Telemac Corp. v. Teledigital, Inc., 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006).

Here, as the Court found when it granted FireEyes's initial motion to stay the action, "the stage of the litigation factor weighs in favor of a stay." Initial Stay Order at 2. This is unsurprising, given that the Court initially stayed the action "at such an early stage of the litigation." Id. The Court has set no pretrial or trial dates in this matter. Aside from Finjan's Disclosure of Asserted Claims and Infringement Contentions, the parties have not completed any discovery. Nor have the parties exchanged claim construction materials or filed any disposition motions. The instant litigation therefore remains in its initial stages.

Despite the foregoing, Finjan argues that this case is not in its early stages because it "has been pending more than three years during which time FireEye litigated the validity of the '633 and '822 Patents before the [Patent Trial and Appeal Board ('PTAB')]." Opp'n at 5. The Court notes that "[the first] element of the stay analysis focuses on the stage of litigation proceedings, not the length of time that has passed since the filing of the case." Wireless Recognition Techs. v. A9.com Inc., 2012 WL 4005459, at *2 (N.D. Cal. 2012); accord LifeScan, Inc. v. Shasta Techs., LLC, 2013 WL 11449819, at *2 (N.D. Cal. 2013). Furthermore, although the PTO has already reexamined a subset of the patents-in-suit, the institution of additional reexamination and review proceedings means that the procedural posture of the action remains largely unchanged. Thus, the infancy of this action militates slightly in favor of a stay.

B.   **SIMPLIFICATION OF ISSUES**

The second factor for the Court's consideration is simplification of the issues. "A stay is favored where 'the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue.'" Personal Web Techs., LLC, 69 F. Supp. 3d at 1027 (quoting Slip Track Sys. Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1341 (Fed. Cir. 1998)). "The standard is simplification of the district court case, not complete elimination of it by the PTAB." Finjan Inc. v. Symantec Corp., 139 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) (citation omitted). Nevertheless, granting a stay is more likely to meaningfully simplify a case when a party has obtained PTO review of all or a substantial portion of the patents-in-suit. Id.; Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC, 2014 WL 3107447 at *5 (N.D. Cal. 2014).

The Court notes that the status of the proceedings before the PTO has shifted greatly since FireEye filed the instant motion. At the outset, the '408 patent was the subject of inter partes review (IPR2015-02001 and IPR2016-00157), as well as a separate petition for inter partes review (IPR2016-01441); the '633 patent was the subject of inter partes review (IPR2015-01974); the '086 patent was the subject of a petition for inter partes review (IPR2016-01444); and the '305 patent was the subject of ex parte reexamination (90/013,660). The PTO recently issued decisions concluding four of those five proceedings. Specifically, the PTO issued decisions confirming the validity of the '408 patent (IPR2015-02001 and IPR 2016-00157), and denying the institution of further inter partes review of that patent (IPR2016-01441); confirming the validity of the '633 patent (IPR2015-01974); and denying the institution of inter partes review of the '086 patent. Statement of Recent Decision, ¶¶ 1-4, Ex. A-D.

Of the seven patents-in-suit, only one—the '305 patent—is currently the subject of proceedings before the PTO. As to the '305 patent, the PTO has already issued a Final Office Action invalidating four of its claims. Cunningham Decl., Ex. 8, Dkt. 81-1. Although the Final Office Action is subject to further appeal, the remaining claims of the

1  '305 patent (roughly 70% of the patent's claims overall) are unchallenged.  Issues will
2  therefore undoubtedly remain for the Court's determination upon completion of the
3  reexamination process.  Consequently, the second factor weighs heavily against a stay.
4  See, e.g., Esco Corp. v. Berkeley Forge & Tool, Inc., 2009 WL 3078463, at *3 (N.D. Cal.
5  2009) (denying a stay upon finding that issues likely would remain for the Court's
6  determination because one of two patents at issue had survived reexamination by the PTO).

C.   **UNDUE PREJUDICE**

The third factor for the Court's consideration examines whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.  Although FireEye and Finjan were not direct competitors when the initial stay took effect, Finjan asserts that the two companies are competitors presently.  Finjan thus asserts prejudice in the form of direct market competition and impairment of its licensing efforts.

The Court does not dwell unnecessarily on this factor, given how strongly the second factor weighs against the continuation of the stay.  In brief, assuming that Finjan and FireEye are direct competitors, "courts in this district require 'evidence to substantiate an argument that direct competition will result in prejudice to the non-moving party.'" Finjan, Inc., 139 F. Supp. 3d at 1037-38 (quoting Cypress Semiconductor Corp. v. GSI Tech., Inc., 2014 WL 5021100, at *5 (N.D. Cal. 2014) (collecting cases)).  Finjan has failed to provide such evidence.  Additionally, absent a showing that a litigant's competitive position would be prejudiced, courts have consistently found that a licensor does not risk irreparable harm from a stay because monetary damages provide adequate redress for infringement.  Id. at 1038; PersonalWeb Techs., LLC, 69 F. Supp. 3d 1029.  Hence, this factor does not tip the scales either in favor of, or against, a stay.

IV.  **CONCLUSION**

Taking all three of the pertinent factors into consideration, the Court finds that a continued stay of the action is unwarranted.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.   FireEye's renewed motion to stay is DENIED.

1 | 2. The Clerk shall REOPEN the case forthwith.
2 | 3. This Order terminates Docket 81.
3 | IT IS SO ORDERED.
4 | Dated: 3/28/17

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge